Hector NUNEZ CAMARILLO,
Petitioner-Appellee,

v.

W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellant.

No. 81–1184
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 30, 1981.

Joe Foy, Jr., Asst. Atty. Gen., Austin, Tex., for respondent-appellant.

P. Joseph Brake, Asst. Fed. Public Defender, San Antonio, Tex., for petitioner-appellee.

Before GEE, GARZA and TATE, Circuit Judges.

TATE, Circuit Judge:

The respondent-appellant, W. J. Estelle, Jr., Director of the Texas Department of Corrections, appeals a district court order granting habeas corpus relief to the petitioner, Hector Nunez Camarillo. Without holding an evidentiary hearing, the district court granted the writ, based on the conclusion that Nunez had been denied the effec-

tive assistance of counsel. We vacate and remand for an evidentiary hearing.

Nunez was convicted in Texas state court of delivery of a controlled substance, heroin. Because he had two prior felony convictions, he received a mandatory life sentence. Nunez did not appeal his conviction, allegedly because his trial counsel malevolently told him, "if you will sign this waiver of appeal, I can get you out of prison sooner."

Alleging, *inter alia*, denial of effective assistance of counsel, Nunez subsequently filed for habeas corpus relief in Texas state court. Without holding an evidentiary hearing, the state court denied habeas relief. The state court found: "There is every indication that petitioner received effective assistance of counsel.... The record does not reflect any willful misconduct by petitioner's attorney that amounts to a breach of legal duty."

After exhausting his state remedies to no avail, Nunez commenced the present habeas action in the federal district court. In response to Nunez's petition for habeas relief, the respondent filed a "Motion to Dismiss and Answer." Nunez filed a pro se brief in opposition to the state's motion for dismissal. Nunez did not move for summary judgment in his favor. In fact, in his brief, Nunez explicitly argued that an evidentiary hearing would be necessary before his claim would be ripe for adjudication.

The district court referred the case to a magistrate. Apparently relying on Nunez's assertions in his petition and brief, the magistrate entered findings, conclusions, and a recommendation that the writ be granted on the ground that Nunez had been denied the effective assistance of counsel. Without holding an evidentiary hearing, the district court approved and adopted the magistrate's memorandum and recommendation, even though the state disputed all of Nunez's factual, as well as legal, assertions.

■ Without expressing any opinion whether Nunez is entitled to habeas relief on the facts or the law, we find that the district court's order must be vacated and remanded for an evidentiary hearing. There are situations where a prisoner's entitlement to relief may be established without a hearing, such as when the facts are undisputed or when the facts have been developed in the state court record. However, when a prisoner's right to relief turns on facts which are in dispute, the state must be given an opportunity to introduce evidence upholding the validity of its action. *Aston v. Warden, Powhatan Correctional Center*, 574 F.2d 1169, 1172–73 (4th Cir. 1978); *United States ex rel. McNair v. New Jersey*, 492 F.2d 1307, 1309 (3d Cir. 1974); *United States ex rel. Mitchell v. Follette*, 358 F.2d 922, 928–29 (2d Cir. 1966). *See Henson v. Estelle*, 641 F.2d 250, 253 (5th Cir. 1981).

The words of Judge Friendly in *Follette, supra*, which were cited approvingly in *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 267 n.12, 98 S.Ct. 556, 562 n.12, 54 L.Ed.2d 521 (1978), are particularly apt:

We find nothing in the [habeas] statute to compel or even warrant a conclusion that by making an initial submission that, on the facts stated in the petition, relief must be withheld as a matter of law, as was done in the affidavit of the Assistant Attorney General, the State is precluded, in the event of denial, from having a hearing with respect to possibly decisive facts not admitted by it nor incontrovertibly proved by the record. In ordinary civil litigation, where no comparable state interest is involved, no one would dream of concluding that a defendant who moved to dismiss for "failure to state a claim upon which relief can be granted," F.R.Civ.P. 12(b)(6), authorized the court, in the event of denial, to award judgment against him without answer or trial, or that he was required to say anything in his motion to preserve those rights. We believe this principle is controlling here, see F.R.Civ.P. 81(a)(2), although the exigencies of habeas corpus would make it desirable for a state to indicate, in any submission asking dismissal as a matter of law, the proceedings to which it deems

itself entitled if its request should be denied.

358 F.2d at 928–29 (footnote omitted).

■ In the present case, the state denies that Nunez's trial counsel promised Nunez that he would get him out of prison sooner if he would sign the waiver of his right to appeal. In view of the disputed facts concerning the alleged promise to Nunez, and in view of the absence of record evidence of such a promise, we hold that the state is entitled to an evidentiary hearing.

In finding that Nunez had been denied the effective assistance of counsel, the district court reached a conclusion contrary to that of the state habeas court. 28 U.S.C. § 2254(d) provides that state court findings entered "after a hearing on the merits of a factual issue" are entitled to a presumption of correctness, unless any of seven enumerated factors are present, or unless the state finding "is not fairly supported by the record."[1] Apparently equating the word "hearing" in § 2254(d) with "evidentiary hearing," the district court accepted the magistrate's conclusion that the state court findings were not entitled to a presumption of correctness, because Nunez had not been afforded an evidentiary hearing in the state court habeas proceedings.

About one month prior to the date the magistrate entered his findings, however, the United States Supreme Court adopted a narrower construction of the term "hearing" in *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981). The Court held that the only procedural requirements that must be satisfied for there to be a "hearing on the merits of a factual issue" are: 1) the habeas applicant and the state or its agent must be parties to the state proceeding, and 2) the state court determination must be evidenced by a written finding, written opinion, or other reliable and adequate written indicia. Arguably, the state habeas proceedings in the present case satisfy both of these criteria.

■ Accordingly, in view of *Mata*, if on remand, after an evidentiary hearing, the district court adheres to its previous conclu-

1. This provision states:

In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

(1) that the merits of the factual dispute were not resolved in the State court hearing;

(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing;

(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or

(7) that the applicant was otherwise denied due process of law in the State court proceeding;

(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:

And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs number (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph numbered (8) that the record in the State court proceeding, considered as a whole, does not fairly support such factual determination, the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous.

sion that Nunez is entitled to habeas relief, the court "should include in its opinion granting the writ the reasoning which led it to conclude that any of the first seven factors [listed in § 2254(d) are] present, or the reasoning which led it to conclude that the state finding [is] 'not fairly supported by the record.'" *Mata, supra*, 101 S.Ct. at 771. Here, for instance, the magistrate may have intended to state that the state habeas determination did not result from an adequate factfinding procedure, see § 2254(d)(2) & (3), or that the applicant did receive a full, fair and adequate hearing, § 2254(d)(6), either of which reasons would justify failing to accord the state court finding presumptive correctness; however, it was instead couched in terms that no "hearing" at all had been held in the state court.[2]

In view of the foregoing, the judgment of the district court is VACATED, and the case is REMANDED for further proceedings in accordance with this opinion.

---

**2.** It is not clear from the state court record whether the state was actually made a party to the state court habeas action or whether the state court disposed ex parte of the habeas application on the basis of its allegations and of the previous contents of the state court record. We do not intimate that an ex parte dismissal of a habeas petition satisfies the "hearing" requirement of 28 U.S.C. § 2254(d).