Michael Wayne EVANS,
Petitioner-Appellant,

v.

O.L. McCOTTER, Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 86–1849.

United States Court of Appeals,
Fifth Circuit.

Dec. 3, 1986.

---

E. Brice Cunningham, Walter L. Irvin, Dallas, Tex., for petitioner-appellant.

Jim Mattox, Atty. Gen., Paula Offenhauser, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GEE, RANDALL and DAVIS, Circuit Judges.

RANDALL, Circuit Judge:

Michael Wayne Evans was convicted by a Texas jury of capital murder and was sentenced to death.[1] The Texas Court of Criminal Appeals reversed the judgment and remanded for a new trial because certain prospective jurors were improperly excused in light of *Adams v. Texas*, 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980). *Evans v. State*, 614 S.W.2d 414 (Tex.Crim. App.1980) (en banc). On retrial, Evans was again convicted and, after a hearing at which the State of Texas and the defense presented witnesses, sentenced to death. The conviction was affirmed on direct appeal. *Evans v. State*, 656 S.W.2d 65 (Tex. Crim.App.1983) (en banc), *cert. denied*, 465 U.S. 1109, 104 S.Ct. 1616, 80 L.Ed.2d 145 (1984).[2]

Evans filed a petition for writ of habeas corpus in the state trial court and the petition was denied in August, 1984. Immediately thereafter, Evans filed a second petition in the state trial court and that petition was also denied. The denial of habeas relief was affirmed by the Texas Court of Criminal Appeals. Thereafter, on October

---

1. In our earlier published opinion in this case, reported at 790 F.2d 1232 (5th Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 327, 93 L.Ed.2d 300 (1986), we set forth in detail the factual background of this case and we do not repeat that description here.

2. We note that Evans was represented at both trials and direct appeals, as well as in all subsequent post-conviction proceedings, by the same counsel who are representing him on this application.

10, 1984, Evans petitioned the federal district court for habeas relief and for a stay of execution. The United States magistrate, in a written opinion, recommended that the petition be dismissed without a hearing. The district judge adopted the magistrate's recommendation but granted Evans a certificate of probable cause to appeal to this court. The district court granted the stay request.

Evans appealed to this court, raising the following grounds for relief: (1) *Miranda* violations; (2) flaws in the grand jury and petit jury selection process; (3) various evidentiary rulings at the guilt/innocence and punishment phases of the trial; (4) insufficiency of the evidence to support the death sentence; (5) disproportionality of the death sentence to the offense; and (6) a wholesale attack on the Texas death penalty statute, including the claim that the Texas death penalty statute has been applied unconstitutionally in the past, because death sentences have been more frequently imposed on blacks who kill whites.[3] In an opinion dated June 4, 1986, we affirmed the district court's dismissal of Evans' petition for a writ of habeas corpus, finding upon consideration of the arguments raised, in the context of the entire record, that we were convinced that Evans had not proved that his trial suffered from federal constitutional infirmities. We also vacated the stay of execution that had previously been entered in the case. 790 F.2d 1232 (5th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 327, 93 L.Ed.2d 300 (1986). Evans filed a petition for a writ of certiorari in the United States Supreme Court on July 26, 1986. The Supreme Court denied the petition for certiorari on October 20, 1986. Thereafter, Evans' execution was set for December 4, 1986, at a time before sunrise.

On November 24, 1986, Evans filed his second application for habeas relief in the state trial court. He also moved that court for a stay of execution. In this second habeas petition, Evans raises two grounds for relief. First, he claims that he is presently insane and unable to comprehend the nature of the penalty that is imposed

against him, and therefore, that his execution at this time would violate the eighth amendment and the principle enunciated in the Supreme Court's recent opinions in *Ford v. Wainwright,* —— U.S. ——, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986). Second, he claims that the "capital murder laws" of the State of Texas are being administered in an unconstitutionally discriminatory manner. With regard to the "discriminatory application" claim, the petition notes that the Supreme Court has granted certiorari in *McCleskey v. Kemp,* 753 F.2d 877 (11th Cir.1985), *cert. granted,* —— U.S. ——, 106 S.Ct. 3331, 92 L.Ed.2d 737 (1986), and *Hitchcock v. Wainwright,* 770 F.2d 1514 (11th Cir.1985), *cert. granted,* —— U.S. ——, 106 S.Ct. 2888, 90 L.Ed.2d 976 (1986), involving the same issue and that therefore, Evans should not be executed while the issue is pending before the Supreme Court. As for his evidentiary proffer, he states only that he "is prepared to offer evidence supporting his claim."

In support of his claim of present insanity, an affidavit ("Andy affidavit") sworn to by Evans' sister, Algerita Andy, is attached to the habeas petition. In her affidavit, Andy states that she has visited Evans several times on death row and while he was confined in the Dallas County Jail and that "[h]is mental condition has become worse and based on my personal observation, I have formed the opinion that, at the present time, Michael is insane and incompetent." Attached to the State's response to the application for writ of habeas corpus are four affidavits sworn to by personnel at the Texas Department of Corrections, all of whom take the position in their affidavits that Evans does not appear to be insane. Additionally, the State submitted a psychological evaluation of Evans in which a correctional psychologist concluded that he sees "no indication of current significant mental disorder" and "no evidence of psychopathology that would limit Mr. Evans' ability to understand his present situation."

In an order dated November 26, 1986, the state trial court denied Evans' request for habeas relief and his application for a stay

---

**3.** We note that Evans is black and his victim   was an Hispanic female.

of execution. In so doing, the court adopted the proposed findings of fact and conclusions of law set forth in the State's response to the application for writ of habeas corpus. Among the findings and conclusions were that "there has been no evidence offered to support his claim of insanity or to require an evidentiary hearing" and that, based on the State's affidavits, "this Court is of the opinion that Applicant has no defects in his faculties; he understands what he was tried for; he understands the purpose of his punishment and the impending fate which awaits him. He has sufficient understanding to know any facts which would make his punishment unjust and he has the requisite intelligence to convey such information to his attorneys." Further, with regard to the *McCleskey* issue, the finding adopted by the trial court was that "the victim in this case was an Hispanic woman, not a white female as alleged. There is no evidence offered that this statute has been applied in an unconstitutional manner. Further, the Court will note that this allegation was raised and rejected in the Court of Appeals for the Fifth Circuit. Applicant chose not to present this issue to the Supreme Court in his Writ of Certiorari."

On the basis of the written findings of the trial court, the Texas Court of Criminal Appeals, on December 2, 1986, denied all relief requested in the application for a writ of habeas corpus and also denied Evans' request for a stay of execution. The Court of Criminal Appeals held that:

> The Honorable Thomas B. Thorpe, Judge of the said 203rd Judicial District Court, entered findings of fact in a written order on November 26, 1986, on the application for writ of habeas corpus filed in the trial court and, inter alia, finding that applicant to be presently sane and finding no controverted, previously unresolved facts material to this cause, and recommending that all relief be denied.
>
> This Court is of the opinion that said motion for stay of execution should be denied and that all relief requested in said application for writ of habeas corpus, which is returnable to this Court under Article 11.07, V.A.C.C.P., should be denied based upon the written findings of the trial court.

*Ex parte Evans*, No. 14.216–03, slip op. at 1 (Tex.Crim.App. Dec. 2, 1986) (order denying motion for stay of execution and application for writ of habeas corpus).

On December 2, 1986, Evans filed a second petition for federal habeas relief, and moved for a stay of execution, in the federal district court. Therein Evans reasserts the grounds for relief set forth in his second state habeas petition—his present insanity and the *McCleskey* issue. Additionally, Evans challenges the fact-findings of the state trial court on the matter of his sanity and argues that an evidentiary hearing should have been held by that court to resolve the fact issues which he alleges were created by the various affidavits filed with the state trial court. Finally, his federal petition now contains two pages of raw correlations in support of his claim that the death penalty is discriminatorily applied in Texas, e.g. 99.1 percent of the persons executed in Texas to date were convicted of killing white victims.

In response to Evans' second petition for federal habeas relief and his application for a stay of execution, the district court, in a considered opinion, denied the stay of execution, dismissed the petition for writ of habeas corpus, and denied a certificate of probable cause to appeal that it deemed to have been sought. *Evans v. McCotter*, No. 3–86–2983–H, slip op. at 4 (N.D.Tex. Dec. 3, 1986).

With respect to the present insanity claim, the district court noted that the only evidentiary support for the claim was the affidavit filed by Evans' sister, an affidavit that the court characterizes as "general and conclusory" and as "not rais[ing] a legitimate question of Petitioner's present sanity." *Id.* at 3.[4] The court stated that in

---

**4.** Additionally, the court noted that "Ms. Andy does not state when and for how long she last observed her brother," and that the State claims that Andy last visited her brother on March 31, 1986. *Id.* at 2.

opposition to that conclusory affidavit were the affidavits of four corrections officials and a psychologist "who have observed Evans during his lengthy stay in death row." *Id.* at 2. The court noted that the state trial court determined that the State's affidavits were true and correct and held that the state court's finding was fully supported in the record. *Id.* Further, the district court stated that its own review of the affidavits led it to the same conclusion that the state trial court had reached. *Id.* at 2–3.

With regard to the *McCleskey* claim, the district court found that it was bound by the rulings of this court that the grants of certiorari in *McCleskey* and *Hitchcock* are not grounds for a stay of execution. *Id.* at 3 (citing *Johnson v. McCotter,* 804 F.2d 300 (5th Cir.1986); *Watson v. Blackburn,* 798 F.2d 872 (5th Cir.), *stay of execution granted pending disposition of writ of cert.,* —— U.S. ——, 107 S.Ct. 25, 92 L.Ed.2d 775 (1986); *Wicker v. McCotter,* 798 F.2d 155 (5th Cir.1986)).[5]

On December 3, 1986, Evans filed a notice of appeal of the district court's denial of federal habeas relief and filed with this court an application for a stay of execution. We treat the notice of appeal as an application for a certificate of probable cause to appeal. We conclude that Evans has not made a substantial showing of the denial of a federal right, such as to entitle him to a certificate of probable cause to appeal. *See Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983).

■ Turning first to the issue of Evans' alleged present insanity, we agree with the conclusion of the district court that the Andy affidavit submitted by Evans does not create a fact question about whether Evans is insane within the meaning of *Ford v. Wainwright.* As the district court aptly noted, the affidavit is general and conclusory.

■ But even assuming *arguendo* that the Andy affidavit is sufficient to create a

fact issue as to whether Evans is insane, the state trial court, after reviewing the affidavits submitted by the State as well as the Andy affidavit, made a finding of fact that Evans is presently sane. Contrary to Evans' assertion that he has been denied "a factfinding procedure 'adequate to afford a full and fair hearing' on the critical issue" and that he is entitled to an evidentiary hearing in federal district court on the issue of his present sanity, the finding of fact by the state trial court is entitled to a "presumption of correctness" under 28 U.S.C. § 2254(d), and there is no necessity or warrant for an evidentiary hearing in the federal district court. The state trial court's procedure for making its fact determination on the issue of Evans' sanity (as that issue was presented to it) is sufficient under the statute. *See, e.g., Sumner v. Mata,* 449 U.S. 539, 546–47, 101 S.Ct. 764, 768–69, 66 L.Ed.2d 722 (1981); *Smith v. Estelle,* 711 F.2d 677, 681–82 (5th Cir.), *cert. denied,* 466 U.S. 906, 104 S.Ct. 1685, 80 L.Ed.2d 159 (1983); *Camarillo v. Estelle,* 670 F.2d 473, 475–76 (5th Cir.1981).

Turning to what has been called the *McCleskey* issue, this court has generally dealt with that issue in one of two ways, although there are some exceptions. When the issue was raised by a white petitioner, we have held that a *McCleskey* claim does not state a claim for relief because it fails to allege racial discrimination against the petitioner. *See, e.g., Berry v. Phelps,* 795 F.2d 504, 506 (5th Cir.1986), *stay of execution granted pending disposition of writ of cert.,* —— U.S. ——, 107 S.Ct. 10, 92 L.Ed.2d 765 (1986). When the issue is raised by a black petitioner, we have thus far found that the statistical proffers have been inadequate to justify relief, and indeed, have not even justified a hearing. *See, e.g., Prejean v. Maggio,* 765 F.2d 482, 486 (5th Cir.1985); *Moore v. Maggio,* 740 F.2d 308, 321–22 (5th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 3514, 87 L.Ed.2d 643 (1985).

---

5. Additionally, the district court noted that the *McCleskey* claim was raised by Evans in his first habeas petition and rejected by this court in

*Evans v. McCotter,* 790 F.2d 1232, 1243 (5th Cir.), *cert. denied,* —— U.S. —— 107 S.Ct. 327, 93 L.Ed.2d 300 (1986).

■ We turn then, in this application filed by a black petitioner, to a consideration of the statistical proffer. As noted above, petitioner's second federal habeas petition contains two pages of raw correlations allegedly evincing discriminatory application of the death penalty. The statistical evidence upon which Evans relies remains inadequate under current Fifth Circuit law to show that he has been the victim of discrimination or to entitle him to an evidentiary hearing. *See, e.g., Wicker v. McCotter,* 798 F.2d 155, 157 (5th Cir. 1986), and cases cited therein.

■ Alternatively, we note that Evans' *McCleskey* claim was raised in his first petition for federal habeas relief and was there rejected. Assuming, without deciding, that an intervening change in the law would qualify under the "ends of justice" exception to the successive petitions rule, Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts, *but see Kuhlmann v. Wilson,* —— U.S. ——, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986) (plurality), we hold that the grant of certiorari in *McCleskey* does not qualify.

Accordingly, Evans' applications for a certificate of probable cause and for a stay of execution are DENIED.