James Roy CARTER,
Petitioner–Appellant,

v.

James A. COLLINS, Director, Texas Department of Criminal Justice, Institutional Division, Respondent–Appellee.

No. 89–6290
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 1990.

Bertrand C. Moser, Pannill, Moser, Mize & Herrmann, Houston, Tex. (Court-appointed), for petitioner-appellant.

Victoria Benitez, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for respondent-appellee.

Before KING, GARWOOD and DUHÉ, Circuit Judges.

GARWOOD, Circuit Judge:

Petitioner-appellant James Roy Carter (Carter), a Texas prisoner, appeals from the district court's dismissal of his petition for a writ of habeas corpus. His sole contention in this appeal is that he received ineffective assistance of counsel because his lawyer misinformed him of the parole consequences of his plea. Finding no error, we affirm.

### Facts and Proceedings Below

In August 1980, Carter was charged in a two-count indictment with having committed aggravated kidnapping and aggravated rape on July 27, 1980. Prior to trial, the state dismissed the aggravated kidnapping charge and agreed to recommend a thirty-five-year sentence on the remaining charge in return for Carter's agreement to enter a plea of *nolo contendere* to the charge of aggravated rape. After Carter entered the plea, the trial court accepted it, found him guilty as charged, and sentenced him to thirty-five years' imprisonment in the Texas Department of Corrections. Carter did not appeal his conviction, but he did file two applications for state post-conviction relief. Both were denied by the Texas Court of Criminal Appeals without a written opinion.

Having exhausted his state court remedies, Carter filed this application for habeas corpus relief in early 1986. In the petition, Carter alleged that his indictment was fundamentally defective, that the trial court failed to inform him of the consequences of his plea, and that he received ineffective assistance of counsel because

his lawyer misinformed him of the parole consequences of his *nolo contendere* plea. The magistrate entered a recommendation that the defective indictment claim be dismissed but that an evidentiary hearing be held for the remaining claims. Counsel was appointed to represent Carter and has continued to represent him in this appeal. The district court accepted the magistrate's recommendation, dismissing the defective indictment claim and setting the remaining claims for an evidentiary hearing.

After holding the evidentiary hearing, the magistrate recommended that Carter's petition be dismissed with regard to the remaining claims. Her report warned that failure to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) within ten days would bar an aggrieved party from attacking the factual findings in the report on appeal, but Carter, after having been granted an extension of time, failed to file any objections. The district court adopted the findings and conclusions of the magistrate and entered judgment accordingly.

**Discussion**

Carter's only contention in this appeal is that the district court erred in finding that he was not denied effective assistance of counsel. Carter contends that his trial counsel, E. Neil Lane (Lane), erroneously advised him that he would be eligible for parole after serving six and one-half to seven years of his thirty-five-year sentence, when in fact he will not be eligible for parole until he serves almost twelve years. Carter asserts that had he known that he would not be eligible for parole until after serving almost twelve years, he would have gone to trial.

The two-part *Strickland v. Washington* test applies to challenges to a guilty plea[1] based on ineffective assistance of counsel. *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 369–70, 88 L.Ed.2d 203 (1985). *Strickland* requires the petitioner to demonstrate not only that his trial counsel's conduct was deficient, but also that he was prejudiced by this deficiency. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). That is, Carter must show that his counsel's performance in misadvising him of the parole consequences of his plea "fell below an objective standard of reasonableness," *id.,* and that a reasonable probability exists that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* 104 S.Ct. at 2068. In order to satisfy the prejudice requirement, Carter must establish that but for his counsel's erroneous advice regarding the parole consequences of his plea, he would not have pleaded *nolo contendere* and would have insisted on going to trial. *Hill,* 106 S.Ct. at 371; *Uresti v. Lynaugh,* 821 F.2d 1099, 1101 (5th Cir.1987).

Under the law in effect when Carter was convicted, a person convicted of rape or of aggravated rape was eligible for parole after having served one third of his sentence. A person convicted of rape would also receive credit toward parole eligibility for good conduct time, provided a deadly weapon was not used during the commission of the offense, but a person convicted of aggravated rape received no such consideration of good conduct time (even if a deadly weapon were not used). Tex.Code Crim.Proc.Ann. art. 42.12, §§ 3f(a), 15(b) (Vernon 1979).[2] The magistrate found that

1. Because a plea of *nolo contendere* is treated as an admission of guilt, *Hudson v. United States,* 272 U.S. 451, 47 S.Ct. 127, 129, 71 L.Ed. 347 (1926), the law applicable to a guilty plea is also applicable to a plea of *nolo contendere. See Norman v. McCotter,* 765 F.2d 504, 509–11 (5th Cir.1985).

2. Section 15(b) of Article 42.12 provided as follows:
 "A prisoner under sentence of death is not eligible for parole. If a prisoner is serving a sentence for the offenses listed in Section 3f(a)(1) of this Article or if the judgment contains an affirmative finding under Section 3f(a)(2) of this Article, he is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one-third of the maximum sentence or 20 calendar years, whichever is less, but in no event shall he be eligible for release on parole in less than two calendar years. All other prisoners shall be eligible for release on parole when their calendar time served plus good conduct time equals one-third of the maximum sentence imposed or 20 years, whichever is less."

it is possible that Carter would have been eligible for parole after having served approximately six and one-half years of his thirty-five-year sentence if he had been convicted of rape rather than aggravated rape.

In support of his ineffective assistance claim, Carter asserts that the evidence shows that Lane mistakenly believed that Carter was charged with rape, not aggravated rape, and would thus receive good conduct time credit toward parole eligibility. In his appellate brief, Carter asserts that his testimony at the evidentiary hearing and an excerpt from the state trial court transcript demonstrate that Lane asked the state trial court to make a finding that no deadly weapon was used during the crime. He asserts that the trial court made such a ruling and that the judgment of conviction finds that no deadly weapon was used. Carter argues that Lane's only possible reason for requesting that the trial court make such a finding was to allow Carter good time credit toward parole.

■ Carter misstates the argument and the evidence that he presented at the evidentiary hearing. An affirmative finding that a deadly weapon was not used is not required to allow good time credit toward parole for a rape conviction; all that is required is the absence of a finding that a deadly weapon was used. *See Polk v. State*, 693 S.W.2d 391, 393 (Tex.Crim.App. 1985); Tex.Code Crim.Proc.Ann. art. 42.12, §§ 3f(a)(2), 15(b) (Vernon 1979). Carter claimed in his testimony at the evidentiary hearing only that Lane had objected to a finding that a deadly weapon was used during the crime. Carter also directed the court's attention to purported quotations

from the state trial court transcript, which purported quotations tended to corroborate Carter's testimony at the evidentiary hearing. These purported quotations were set out in Carter's *pro se* opposition to the state's motion to dismiss. No evidence was presented that Lane had requested an affirmative finding that no deadly weapon was used. Nor did the judgment of conviction contain such a finding. This distinction is not without significance. A request for an affirmative finding that no deadly weapon was used would be gratuitous in this case because it would not affect Carter's parole eligibility on his conviction for aggravated rape. A diligent attorney would still probably object to an allegedly improper finding that his client *had* used a deadly weapon, however, even if such a finding did not affect whether good conduct time would be counted toward parole eligibility. Such an adverse finding, appearing on the defendant's record of conviction, might cause a parole board to be more reluctant to grant parole whenever the prisoner became eligible.

■ The magistrate determined that Lane had accurately advised Carter of his parole eligibility and did not reach the issue of whether Lane might have objected to a finding of a deadly weapon for reasons other than Carter's eligibility for good conduct time credit toward parole eligibility. Lane testified at the evidentiary hearing that he did not remember a discussion regarding a finding of a deadly weapon. He further testified that he knew that Carter was charged with aggravated rape and was pleading *nolo contendere* to that charge. Lane maintained that he never told Carter

Section 3f(a) of Article 42.12 provided as follows:
"The provisions of Sections 3 and 3c of this Article do not apply:
"(1) to a defendant adjudged guilty of an offense defined by the following sections of the Penal Code:
"(A) Section 19.03 (Capital murder);
"(B) Section 20.04 (Aggravated kidnapping);
"(C) Section 21.03 (Aggravated rape);
"(D) Section 21.05 (Aggravated sexual abuse);
"(E) Section 29.03 (Aggravated robbery); or
"(2) to a defendant when it is shown that the defendant used or exhibited a deadly

weapon as defined in Section 1.07(a)(11), Penal Code, during the commission of a felony offense or during immediate flight therefrom. Upon affirmative finding that the defendant used or exhibited a deadly weapon during the commission of an offense or during immediate flight therefrom, the trial court shall enter the finding in the judgment of the court. Upon an affirmative finding that the deadly weapon the defendant used or exhibited was a firearm, the court shall enter that finding in its judgment."

that he would be eligible for parole in six and one-half years. He testified that he informed Carter that he would have to serve at least one third of his sentence and that he directed Carter to read the relevant portion of the Code of Criminal Procedure regarding parole. The magistrate could properly credit this testimony over that of Carter. *Amadeo v. Zant*, 486 U.S. 214, 108 S.Ct. 1771, 1777, 100 L.Ed.2d 249 (1988). The magistrate also properly refused to consider the purported quotations from the state trial court transcript on which Carter relied because no part of the official transcript, nor any claimed copy thereof, was ever tendered in evidence. *Walker v. Maggio*, 738 F.2d 714, 716–17 (5th Cir.1984), *cert. denied*, 469 U.S. 1112, 105 S.Ct. 793, 83 L.Ed.2d 786 (1985); *Clayton v. Blackburn*, 578 F.2d 117, 120 (5th Cir.1978). The official transcript had been lost through no fault of the state; the only available copy was lost by Carter's brother after Carter had given it to him.

 Lane had offered essentially the same testimony as he gave below in a state court hearing by affidavit. The state court judge found that the facts asserted in Lane's affidavit were true and that his representation of Carter was effective. Findings of Fact and Order, *Ex Parte Carter*, No. 319389–B (180th Dist.Ct. Harris Co. July 22, 1985), *aff'd without opinion*, No. 12,902–02 (Tex.Crim.App. Sept. 25, 1985). "Although the ultimate question of whether or not counsel's performance was deficient is a mixed question of law and fact [to be considered *de novo*], state court findings of fact made in the course of deciding an ineffectiveness claim are subject to the deference requirement of section 2254(d)." *Loyd v. Smith*, 899 F.2d 1416, 1425 (5th Cir.1990); *see also Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir.1990). The magistrate concluded, and we agree, that these findings are entitled to a presumption of correctness under 28 U.S.C. § 2254(d) and that Carter has failed to overcome this presumption. *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981); *Loyd*, 899 F.2d at 1425. Section 2254(d) requires a "hearing on the merits" in the state court on the disputed factual issue in order to raise this presumption of correctness in the federal proceeding, but we have held that a live evidentiary hearing is not required. *Buxton v. Lynaugh*, 879 F.2d 140, 143–47 (5th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 3295, 111 L.Ed.2d 803 (1990); *Uresti*, 821 F.2d at 1101; *Evans v. McCotter*, 805 F.2d 1210, 1214 (5th Cir.1986); *Smith v. Estelle*, 711 F.2d 677, 681 (5th Cir.1983), *cert. denied*, 466 U.S. 906, 104 S.Ct. 1685, 80 L.Ed.2d 159 (1984); *Camarillo v. Estelle*, 670 F.2d 473, 475 (5th Cir.1981) (construing *Sumner v. Mata*).³ Rather than conduct a formal hearing, a state court may evaluate an ineffective assistance of counsel claim by making credibility determinations based on affidavits submitted by the petitioner and the attorney. *Smith*, 711 F.2d at 681; *see also Evans*, 805 F.2d at 1214.⁴

---

**3.** We recognize that *Jones v. Butler*, 837 F.2d 691 (5th Cir.) (per curiam), *cert. denied*, 488 U.S. 846, 109 S.Ct. 123, 102 L.Ed.2d 97 (1988), arguably reaches the contrary conclusion. The *Jones* court indicated that the district court had erroneously afforded a presumption of correctness to a state court's factual findings in denying a state prisoner's petition for a writ of habeas corpus. *Jones* declined to afford such a presumption of correctness because the "State court ... did not hold an evidentiary hearing," *id.* at 692, but did not indicate whether the state court had considered any affidavits in making its findings. *Id.* (This holding was actually in our unpublished opinion in *Jones v. Blackburn*, 759 F.2d 19 (5th Cir.1985), but is discussed in the appeal after remand in *Jones v. Butler*.) Assuming *Jones* is not readily distinguishable, we cannot reconcile it with our numerous other cases, decided both before and after *Jones*, that

have held that the state court need not hold a live evidentiary hearing. *Jones* neither cites nor discusses any of these cases, relying solely on what is at most an inference from dictum in *Armstead v. Maggio*, 720 F.2d 894, 896 (5th Cir.1983) (per curiam). As *Camarillo* and *Smith* precede *Jones* (and also *Armstead*), we are bound by *Camarillo* and *Smith*. *See, e.g., Alcorn County v. U.S. Interstate Supplies, Inc.*, 731 F.2d 1160, 1166 (5th Cir.1984). No special circumstances exist in this case to warrant departure from *Camarillo* and *Smith*.

**4.** In addition, the trial court's docket sheet indicates that Carter was admonished as to the basic consequences of his plea. The magistrate properly concluded that this instrument is similarly entitled to a presumption of correctness under 28 U.S.C. § 2254(d). *Webster v. Estelle*, 505 F.2d 926, 929–30 (5th Cir.1974), *cert. denied*, 421

 The magistrate's report warned that failure to file written objections to the proposed findings and recommendations contained in the report within ten days from the date of service would bar an aggrieved party from attacking the factual findings on appeal. These findings were later accepted and adopted by the district court. A magistrate's findings, adopted by the district court, are normally reviewed under the clearly erroneous standard. *Williams v. K & B Equip. Co.,* 724 F.2d 508, 510 (5th Cir.1984). Nonetheless, because Carter failed to file any objections to the magistrate's report, the standard of review is even more deferential: Carter is precluded on appeal from attacking the factual findings except upon grounds of plain error or manifest injustice. *Rodriguez v. Bowen,* 857 F.2d 275, 277 (5th Cir.1988); *Nettles v. Wainwright,* 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); *see Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 469–75, 88 L.Ed.2d 435 (1985). Under either standard of review, however, we believe the magistrate's findings and recommendation are adequately supported by the record. The magistrate found that Lane adequately informed Carter of the parole consequences of his plea. His representation of Carter was not deficient or ineffective.

 Because we affirm the magistrate's conclusion, adopted by the district court, that Lane's representation of Carter was not deficient, we need not reach the issue of whether Carter was prejudiced by any allegedly ineffective representation. We do observe, however, that the magistrate found ample evidence of guilt. She found not credible Carter's assertion that, but for Lane's allegedly erroneous advice, he would have chosen to proceed to trial.[5] Whether we were to apply a plain error or clearly erroneous standard of review to these factual findings, they are adequately supported by the record. Carter failed to demonstrate any prejudice to his defense;

consequently, his ineffective assistance of counsel claim would fail even if we determined that his representation had been deficient. *Strickland,* 104 S.Ct. at 2064.

### Conclusion

The district court's conclusion that Carter did not suffer from ineffective assistance of counsel is adequately supported by the record of the evidentiary hearing, the state court's factual findings, and the factual findings of the magistrate. The dismissal of the petition for a writ of habeas corpus is therefore

AFFIRMED.

---

U.S. 918, 95 S.Ct. 1581, 43 L.Ed.2d 785 (1975); *see also Hobbs v. Blackburn,* 752 F.2d 1079, 1081–82 (5th Cir.), *cert. denied,* 474 U.S. 838, 106 S.Ct. 117, 88 L.Ed.2d 95 (1985).

**5.** The magistrate further concluded that Carter had not demonstrated that he would have been acquitted or would have received a more lenient sentence had he gone to trial.