**Douglas HENDERSON, Petitioner,**

v.

**Harry K. SINGLETARY, Secretary, Florida Department of Corrections, Respondent.**

No. 93–321–CIV–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 12, 1993.

Douglas Henderson, pro se.

Michele Jana Taylor, Atty. General's Office, Dept. of Legal Affairs, Criminal Div., Tampa, FL, for respondent.

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

KOVACHEVICH, District Judge.

PETITIONER SEEKS a writ of habeas corpus filed pursuant to Title 28, United States Code, Section 2254. In his Petition, Petitioner alleges one ground: Petitioner was denied effective assistance of counsel during plea and sentencing, and based on counsel's advice, he entered a plea agreement involuntarily.

Respondent filed a Response requesting this Court to deny the Petition based on Petitioner's lack of a cognizable claim of constitutional deprivation under 28 U.S.C. § 2254.

### FACTS

On January 21, 1991, Petitioner was charged by Information with one count of burglary and one count of criminal mischief. The Tenth Judicial Circuit assigned a public defender to Petitioner's case, Attorney John Kilcrease. On April 4, 1991, Petitioner entered a "straight up" plea of no contest to both charges. During this time, the State filed notice seeking habitual felony offender status for Petitioner. On May 23, 1991, the court found the Petitioner met the qualifications of a habitual offender and sentenced him to ten years imprisonment for burglary and one year in the county jail for criminal mischief, both sentences to run concurrently.

On June 7, 1991, Petitioner directly appealed his conviction to the Second District Court of Appeal challenging the constitutionality of Florida's habitual felony offender statute. He later filed a motion to voluntarily dismiss the appeal which the Second District granted on December 23, 1991. On June 13, 1991, Petitioner filed a Motion for Mitigation and Reduction of Sentence in the Circuit Court under Fla.R.Crim.P. 3.800, claiming ineffective assistance of counsel because he was improperly advised of the plea arrangement as one reason for mitigation. The Circuit Court denied the motion by order dated June 17, 1991.

Petitioner then filed a Rule 3.850 Motion for Post Conviction Relief in the Circuit Court. As the sole ground for relief, Petitioner claimed that his counsel was ineffective by misleading him as to the full consequences of his plea. Petitioner contended that his attorney had advised him that the attorney had negotiated a "plea bargain" with the prosecutor, wherein Petitioner would receive a guidelines sentence in return for his plea of nolo contendere, rather than an extended term under the habitual offender statute.

On January 10, 1992, the Circuit Court dismissed the Rule 3.850 motion for lack of jurisdiction. Petitioner filed a Motion for Rehearing, which was granted by the court. On April 22, 1992, the Circuit Court again dismissed the Rule 3.850 motion, stating that Petitioner's claims were without merit because they were refuted by the transcript of the plea hearing. Petitioner appealed to the Second District which affirmed *per curiam*, without opinion, on June 3, 1992. *Henderson v. State*, 599 So.2d 1287 (Fla. 2d DCA 1992). Petitioner then filed a Motion for Rehearing, which the district court denied by order dated June 25, 1992. The Petitioner is currently in the custody of the State Department of Corrections pursuant to the judgment and sentence rendered in the Circuit Court of Polk County, Florida, on May 23, 1991.

### DISCUSSION

The standard for evaluating claims for ineffective assistance of counsel was set forth by the U.S. Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In *Strickland*, the Court announced a two-part test for considering such claims, holding that a Petitioner

must establish (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Id.* at 687, 104 S.Ct. at 2064. Prejudice exists when "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. ..." *Id.* at 694, 104 S.Ct. at 2068. The standard for performance of counsel is that of reasonably effective assistance in light of all circumstances. *Id.* at 689, 104 S.Ct. at 2065.

 The court reviewing a claim of ineffective assistance of counsel must make "every effort to eliminate the distorting effect of hindsight to reconstruct the circumstances of counsel's conduct and to evaluate the conduct from counsel's perspective at the time." *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. The court must presume, and the Petitioner must overcome the presumption, that the challenged action was employed for strategic or tactical reasons. *Id.; see also Griffin v. Wainwright,* 760 F.2d 1505, 1514 (11th Cir. 1985). Moreover, this circuit has held that effective assistance does not mean errorless assistance and that counsel's performance must be judged in light of the entire record rather than specifications. *Green v. Zant,* 738 F.2d 1529, 1536 (11th Cir.1984).

 The test in *Strickland* applies to challenges to a plea of guilty. *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The *Strickland* test is equally applicable to a plea of *nolo contendere* based on ineffective assistance of counsel, as that type of plea is treated as an admission of guilt, and "the law applicable to a guilty plea is also applicable to a plea of *nolo contendere.*" *Carter v. Collins,* 918 F.2d 1198, 1200 n. 1 (5th Cir.1990) (citing *Hudson v. United States,* 272 U.S. 451, 47 S.Ct. 127, 71 L.Ed. 347 (1926) and *Norman v. McCotter,* 765 F.2d 504, 509–11 (5th Cir.1985)).

In *Hill v. Lockhart,* the court reaffirmed the established test for determining the validity of a guilty plea as "whether the plea represents a voluntary intelligent choice among the alternative courses open to the defendant." 474 U.S. at 55, 106 S.Ct. at 369.

Under the reasoning of *Collins, supra,* this would invariably apply to a plea of *nolo contendere.*

There is little, if any, factual evidence that Petitioner was misled as to the consequences of his plea of no contest. To the contrary, the facts indicate Petitioner received notice that the State intended to apply the habitual offender statute to Petitioner's sentence. Additionally, the transcript of the Circuit Court plea hearing clearly demonstrates that the Petitioner voluntarily accepted the conditions of the plea agreement with the knowledge of the enhanced penalty:

THE COURT: You have been charged with burglary, the maximum penalty on that under normal circumstances would be five years. If in fact, the State convinces the Court that you are a habitual offender and should be sentenced pursuant to that statue (sic), the maximum penalty would be ten years. There also would be a significant loss of gain time on that sentence if you were so habitualized. You also were charged with criminal mischief, maximum penalty is one year in the County Jail. Do you understand those two charges and maximum penalties?

THE DEFENDANT: Yes

THE COURT: It is my understanding that it is your intent today to enter a plea of—

MR. KILCREASE: Of no contest

THE COURT: —no contest to these charges. Is that right?

THE DEFENDANT: Yes, sir.

THE COURT: *Has anyone promised you anything to get you to enter this plea today?*

THE DEFENDANT: *No, sir.*

\* \* \* \* \* \*

THE COURT: You talked this over with your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: You are satisfied with his advice and his representation?

THE DEFENDANT: Yes, sir.

(Transcript of Plea Hearing, April 4, 1991, at 4–6) (emphasis supplied).

Based on the transcript of the plea hearing in the Circuit Court, Petitioner has failed to meet the first prong of the *Strickland* test. Therefore, it is not necessary for this Court to determine whether Petitioner was prejudiced by counsel's actions. Accordingly, it is

**ORDERED** that the Petition for Writ of Habeas Corpus is **dismissed with prejudice.**

**DONE and ORDERED.**