UNITED STATES of America

v.

**LUV N' CARE INTERNATIONAL, INC. (d/b/a Luv N' Care, Inc.), Luv N' Care, Ltd., Panda Knits, Inc., Nouri E. Hakim (a/k/a Eddie Hakim) and Joseph H. Hakim.**

Crim. Action No. 94–30023–ALL.

United States District Court,
W.D. Louisiana,
Monroe Division.

May 2, 1995.

Joseph D. Guerriero, Monroe, LA, James A. Zellinger, Monroe, LA, for defendants.

Gerald C. Kell and Douglas W. Stearn, Office of Consumer Litigation, Washington, DC, for U.S.

### ORDER

MELANÇON, District Judge.

For the reasons contained in the Report and Recommendation of the Magistrate Judge previously filed herein, and after an independent review of the entire record and the written objections filed herein, and concurring with the Magistrate Judge's findings under the applicable law;

IT IS ORDERED that the Motion to Dismiss for Grand Jury Irregularities filed by defendants Luv N' Care International, Inc. (d/b/a Luv N' Care, Inc.), Luv N' Care, Ltd., Nouri E. Hakim (a/k/a Eddie Hakim) and Joseph H. Hakim as document number 55 be and it is hereby DENIED;

IT IS ORDERED that the Motion to Dismiss for Failure to Comply with 15 U.S.C. § 1266 filed by defendants Luv N' Care International, Inc. (d/b/a Luv N' Care, Inc.), Luv N' Care, Ltd., Nouri E. Hakim (a/k/a Eddie Hakim) and Joseph H. Hakim as document number 56 be and it is hereby DENIED;

IT IS ORDERED that the Motion to Dismiss for Selective Prosecution filed by defendants Luv N' Care International, Inc. (d/b/a Luv N' Care, Inc.), Luv N' Care, Ltd., Nouri E. Hakim (a/k/a Eddie Hakim) and Joseph H. Hakim as document number 57 be and it is hereby DENIED;

IT IS ORDERED that the Motion to Dismiss for Selective Prosecution filed by defendant Panda Knits, Inc. as document number 60 be and it is hereby DENIED;

IT IS ORDERED that the Motion in Limine regarding warning label filed by defendants Luv N' Care International, Inc. (d/b/a Luv N' Care, Inc.), Luv N' Care, Ltd., Nouri E. Hakim (a/k/a Eddie Hakim) and Joseph H. Hakim as document number 70 be and it is hereby DENIED;

IT IS ORDERED that the Motion in Limine regarding intent filed by defendants Luv N' Care International, Inc. (d/b/a Luv N' Care, Inc.), Luv N' Care, Ltd., Nouri E. Hakim (a/k/a Eddie Hakim) and Joseph Hakim be and it is hereby DENIED.

## REPORT AND RECOMMENDATION

Filed April 12, 1995.

PAYNE, United States Magistrate Judge.

This matter comes before the Court on various pretrial motions filed by the defendants and referred to the undersigned for disposition. Most of the motions addressed below were filed on behalf of Luv N' Care International, Inc., Luv N' Care, Ltd., Nouri E. Hakim, and Joseph H. Hakim. However, Panda Knits, Inc. joined in some of the motions or filed companion motions urging the same grounds. By addressing the motions filed by the other defendants, the Court intends to cover the same arguments made by Panda Knits, Inc.

## I. Motion to Dismiss for Grand Jury Irregularities.

▮ Defendants seek dismissal of the entire indictment, alleging that the grand jury was given the wrong legal standard to apply in its deliberations and that the prosecution refused to call exculpatory witnesses to testify before the grand jury.

The most direct response to these arguments is that the defendants do not have a constitutional or even a statutory right to grand jury indictment in this case, since these are all misdemeanor charges. The indictment in this case meets all of the requirements for a bill of information, which is an appropriate way to institute a misdemeanor prosecution, even if the grand jury never looked at the case. See Fed.R.Crim.P. 7.

▮ Furthermore, a defendant has no right to appear before the grand jury or to present evidence. Indeed, the Supreme Court has rejected efforts by defendants to inquire into the "competency and adequacy of the evidence before the grand jury". *Costello v. United States*, 350 U.S. 359, 363, 76 S.Ct. 406, 409, 100 L.Ed. 397 (1956). The Court empanels the grand jury but cannot review its decisions on whether or not to return indictments, regardless of the sufficiency of the evidence or legal authorities proffered by the prosecutor to the grand jury. *United States v. Williams*, 504 U.S. 36, 52–56, 112 S.Ct. 1735, 1745–46, 118 L.Ed.2d 352 (1992). Finally, defendants have provided no more than mere speculation to support their allegations of grand jury irregularities.

## II. Motion to Dismiss for Selective Prosecution.

Defendants again seek dismissal of the entire indictment on the grounds that they are the victims of "selective prosecution". Defendants claim that other more serious violators have not been prosecuted and that they have been selected for prosecution because of their anti-labor union history and their small size. Defendants further claim that representatives of the labor unions have contacted the Justice Department with false information and have sabotaged their products.

▮ The defense of "selective prosecution" is exceedingly narrow. Due to the separation of powers inherent in our scheme of government, "generally, the decision whether or not to prosecute in a particular case must be left to the discretion of the prosecutor". *United States v. Johnson*, 577 F.2d 1304, 1307 (5th Cir.1978). However, "in the rare situation in which the decision to prosecute is so abusive of this discretion as to encroach on constitutionally protected rights, the judiciary must protect against unconstitutional deprivations". *Id.* To support this defense, a defendant has "the heavy burden" of establishing first that others similarly situated have generally not been prosecuted, and second, that he has been selected for prosecution "based upon such impermissi-

ble considerations as race, religion, or the desire to prevent his exercise of constitutional rights". *Id.* at 1308. See also, *United States v. Sparks*, 2 F.3d 574, 580 (5th Cir. 1993). While defendants claim to have established that others similarly situated have not been prosecuted, defendants have not articulated any theory by which this discrimination would be deemed invidious. In other words, they have not attempted to show that they are being punished for the exercise of some constitutionally protected right. Defendants merely make a passing reference to their "small size" and their well-known labor disputes. "As a result of these labor disputes, the underlying union (ACTWU) has contacted the Justice Department, the NLRB, and the CPSC in order to interfere and disrupt defendants' business." (See Memorandum at 3). Whether members of a labor union are "out to get" defendants or not is irrelevant at this stage. While those claims might bear upon the credibility of the testimony of any union members at trial, they do not bear upon the right of the government to institute this prosecution. Defendants have not borne their "heavy burden" to establish a prima facie case of invidious discrimination by the government to punish the defendants for exercise of constitutionally protected rights. Defendants have merely identified two characteristics of themselves without showing any connection between those characteristics and the government's decision to prosecute.

## III. Motion to Dismiss Based on 15 U.S.C. § 1266.

■ Defendants seek dismissal of all counts of the indictment that are based on the Federal Hazardous Substances Act, 15 U.S.C. § 1261, *et. seq.*, because of the alleged failure of the government to comply with § 1266. That section provides that: "Before any violation of this chapter is reported by the Commission to any United States attorney for institution of a criminal proceeding, the person against whom such proceeding is contemplated shall be given appropriate notice and an opportunity to present his views, either orally or in writing, with regard to such contemplated proceeding." The individual defendants argue that they were offered the opportunity to testify before the grand jury, but only with improper conditions. When the defendants learned that there would be a limit of two hours to their testimony, and that no exhibits or additional witnesses could be called by them, they decided not to appear but rather ask for postponement to a time when they could have a full hearing before the grand jury. No such additional opportunity was offered before indictment.

Section 1266 merely requires the consumer products safety commission to give notice and an opportunity for either an oral **or a written** presentation of views before referral of a case for prosecution. The exhibits to all of the briefs show that the defendants were all provided many opportunities to present their written views on the alleged violations, and that they took advantage of these opportunities. While Panda Knits may not have been given notice in its own name, the individual defendants are the principals of Panda Knits and they were clearly given such notice and opportunity.

In any event, § 1266 is based on similar language in the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, *et seq.* Section 305 of that Act requires the agency to provide a suspect an "opportunity to present his views" before prosecution. Nonetheless, the Supreme Court has ruled that "the giving of such an opportunity . . . is not a prerequisite to prosecution". *United States v. Dotterweich*, 320 U.S. 277, 279, 64 S.Ct. 134, 135, 88 L.Ed. 48 (1943). Thus, the motion to dismiss must be denied.

## IV. Motion In Limine Regarding Intent.

■ Defendants have filed a Motion In Limine seeking a pretrial ruling from the Court as to the *mens rea* requirement of 15 U.S.C. § 1263. Defendants concede that the language of the statute does not require any specific intent but argue that such a reading would be unfair. First, defendants have offered an affidavit to the effect that any manufacturing process is likely to produce some defective products, unless 100% inspection procedures are used, which in themselves cause other manufacturing problems. Defendants also argue that the civil penalties

portion of the Act requires a showing that a defendant has "knowingly" violated the Act before such penalties may be imposed. 15 U.S.C. § 1264(c)(1). Thus, they argue, at least that much must be necessary for imposition of criminal penalties.

While defendants are correct that there are few reported decisions under this Act, there is ample case law rejecting their position. The Supreme Court in the *Dotterweich* case, *supra*, had no trouble in dispensing with an intent requirement in misdemeanor prosecutions under the Federal Food, Drug and Cosmetic Act, upon which the statute at issue is patterned. Such prosecutions are

> "based on a now familiar type of legislation whereby penalties serve as effective means of regulation. Such regulation dispenses with the conventional requirement for criminal conduct—awareness of some wrongdoing. In the interest of the larger good, it puts the burden of acting at hazard upon a person otherwise innocent but standing in responsible relation to a public danger."

320 U.S. at 280–81, 64 S.Ct. at 136.

More recently, Judge Cassibry relied upon *Dotterweich* to find that "knowledge and willfulness are not elements of 15 U.S.C. § 1263(b)." *United States v. Chalaire*, 316 F.Supp. 543, 548 (E.D.La.1970). The same result should obtain in prosecutions under § 1263(a), such as this one.

Regardless of the harshness, this rule is well established. In *United States v. Park*, 421 U.S. 658, 95 S.Ct. 1903, 44 L.Ed.2d 489 (1975), the Supreme Court upheld the conviction of the president of a national food store chain under the Federal Food, Drug, and Cosmetic Act. The court observed that it had established "both that knowledge or intent were not required to be proved" in prosecutions under the Act, and "the responsible corporate agents could be subjected to the liability thereby imposed". *Id.* at 670, 95 S.Ct. at 1910. The Act punishes "neglect where the law requires care, or inaction where it imposes a duty". *Id.* at 671, 95 S.Ct. at 1911.

Defendants concede that the civil penalty statute to which they refer, § 5(c)(1), was added in 1990, whereas the statute under which they are being prosecuted was part of the Child Protection Act of 1966. The fact that Congress has chosen to impose a higher standard for civil penalties does not change the longstanding jurisprudence noted above.

## V. Motion In Limine Regarding Warning Label.

■ Defendants seek dismissal of all counts alleging violations of 16 C.F.R. § 1511.7(a). Defendants argue that the CPSC has taken the position during the investigation that the warning label must be on the front of the package. They contend that their warning label, which is placed on the back of the package, is actually superior since it is not obliterated when the package is opened. Furthermore, they contend that the law does not require that the label be on the front.

The indictment in this case merely tracks the language of the regulation by alleging that the packaging failed to set out the warning "legibly and conspicuously". While the government may argue to the jury that only a label on the front of the package can accomplish this end, it will remain for the jury to decide whether the defendant's warning on the back of the package is a violation. There is no basis for pretrial dismissal of the indictment on these grounds.

■ Defendants also complain that several of the counts of the indictment, specifically, Counts 3, 4, 5, 7, 8, 10, and 11, are defective. Each of these counts charge in the same count that a particular shipment of products was illegal because the products failed the structural integrity test and because they were not properly labeled. Defendants seek a pretrial ruling that the government must prove both violations (structural defects and mislabeling) in order to convict. The government takes the position that they need only prove either violation.

■ The crime alleged in each of the counts is a violation of 15 U.S.C. § 1263(a): "The introduction or delivery for introduction into interstate commerce of any misbranded hazardous substance or banned hazardous substance." One may violate the section by

delivery of either banned or misbranded products. Rule 7(c) of the Federal Rules of Criminal Procedure allows an indictment to allege in a single count "that the defendant committed it by one or more specified means". A count is not rendered duplicitous by describing different manners in which the offense may have been committed. "Accordingly, if the statute is read as creating a single offense involving a multiplicity of ways and means of action and procedure, the charge can be laid in a single count, and indeed the use of several counts would involve multiplicity." 1 Wright, *Federal Practice and Procedure: Criminal* 2d § 142 at 470–71. The fact that the statute is in the *dis*junctive and the indictment is in the *con*junctive does not matter. The government need only prove beyond a reasonable doubt that the defendant has committed the offense by one of the listed means. *United States v. Ruiz,* 986 F.2d 905, 911 (5th Cir.1993).

## VI. Motion for Depositions.

■ Defendants have filed a March 24, 1995 motion seeking leave to take depositions of all government witnesses who performed testing. Defendants contend that depositions are necessary because the test result documents are not clear.

Rule 15 of the Federal Rules of Criminal Procedure does not allow depositions in criminal cases unless "exceptional circumstances" are shown to exist. It is hornbook law that the mere need for discovery is not an exceptional circumstance. 2 Wright, *Federal Practice and Procedure: Criminal* 2d § 241. There is no allegation in this case that the witnesses whose depositions are sought could not be compelled to attend the trial or are likely to be unavailable. Absent such a showing, the motion must be denied.

For the foregoing reasons,

**IT IS RECOMMENDED** that defendants' motions be **DENIED.**

### *Objections*

Under the provisions of 28 U.S.C. § 636(b)(1)(C), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) business days from the date of its service, or within the time granted pursuant to Fed.R.Crim.P. 45(b), shall bar an aggrieved party from attacking the factual findings on appeal except upon grounds of plain error or manifest injustice. See *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Carter v. Collins,* 918 F.2d 1198, 1203 (5th Cir.1990).