Grady Lee SMITH, Petitioner-Appellant,

v.

W.J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.

No. 82–1559.

United States Court of Appeals, Fifth Circuit.

Aug. 11, 1983.

---

Mary L. Sinderson, Asst. U.S. Atty., Houston, Tex., for petitioner-appellant.

Douglas M. Becker, Barbara J. Lipscomb, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before BROWN, REAVLEY and RANDALL, Circuit Judges.

REAVLEY, Circuit Judge:

Grady Lee Smith appeals from the district court's judgment denying habeas corpus relief under 28 U.S.C. § 2254. We affirm.

### Procedural Background

Appellant Smith pleaded guilty in Texas state court in 1980 to three counts of delivery of controlled substances (heroin and cocaine). Pursuant to a plea bargain negotiated by Smith's retained counsel with the prosecution, the State of Texas waived the sentence enhancement paragraphs of the charging indictment and recommended a sentence of eighteen (18) years. The trial court, after questioning Smith concerning his understanding of the charges against him and the voluntariness of his plea, accepted the plea and thereafter sentenced Smith to three concurrent eighteen year sentences. Because of Tex.Crim.Pro.Code Ann. art. 44.02, which limits the right of appeal in cases where a defendant pleads guilty, Smith did not appeal the conviction.

On February 5, 1981, Smith filed a *pro se* petition for habeas relief in state court,

alleging ineffective assistance of counsel and involuntariness of his guilty plea. With this petition he filed a supporting affidavit which was verified by himself and three other persons who were described therein to be witnesses to the factual allegations of the petition. The state habeas judge filed an order instructing that a "hearing by affidavit" would be conducted on the ineffective assistance of counsel claim, and requiring Smith's former attorney, Joe Brent Johnson, to submit an affidavit responding to Smith's allegations. After reviewing the affidavits of both Smith and Johnson, the trial court entered its written findings of fact and a recommendation that the petition be denied. This recommendation was accepted by the Texas Court of Criminal Appeals which denied the writ without written order on April 1, 1981.

On September 30, 1981, Smith initiated a second *pro se* habeas petition in state court, raising claims of a fundamentally defective indictment, insufficient evidence to support the guilty plea, involuntariness of the plea, and inadequate admonishment on punishment. This petition was ultimately denied without a hearing.

On April 26, 1982, Smith filed a *pro se* habeas petition in federal district court pursuant to 28 U.S.C. § 2254, alleging a number of grounds for relief—including all those grounds raised in his two previous state petitions. On August 17, 1982, the magistrate recommended that the petition be denied and also found based upon the state court records that no evidentiary hearing was necessary. The magistrate's order allowed the parties twenty-seven (27) days, until September 13, 1982, to serve and file written objections to his findings and conclusions. Smith's objections bear a certificate of service and a notary's acknowledgment dated September 12, 1982; the objections were apparently mailed on September 13, 1982, and were received by the district court clerk two days later, bearing a file-mark of September 15, 1982.

On September 21, 1982, the district court entered an order and separate final judgment adopting the findings, conclusions, and recommendation of the magistrate. This order erroneously stated that no objections from either party had been received by the court. In an order dated September 22, 1982, the district judge acknowledged that its earlier order was in error and that objections to the magistrate's report had indeed been submitted by Smith—but the court considered such objections to be untimely filed since they were received and filed by the court on September 15, 1982. The district court nonetheless considered Smith's written objections as a motion for relief from judgment or order pursuant to Federal Rule of Civil Procedure 60. The court denied relief from judgment, however, finding that Smith had presented no credible explanation or demonstrated any excusable neglect for his failure to file objections earlier.

Smith filed a notice of appeal on October 8, 1982. On that same date he also filed a request to proceed *in forma pauperis.* The district court certified that probable cause to appeal existed and that Smith was a pauper who was taking the appeal in good faith. This court appointed counsel to represent Smith on appeal.

### Scope of Appeal

On appeal Smith raises a sole contention—that the court below erred in failing to hold an evidentiary hearing on his allegations of an involuntary plea and ineffective assistance of counsel. Before we address this argument, we respond to a procedural one raised by the State of Texas. The state contends that Smith has not preserved his right to appeal the underlying merits of his habeas petition, *i.e.,* the denial of a hearing on his claims of ineffective counsel and an involuntary plea, because his *pro se* notice of appeal refers only to the district court's September 22, 1982, order denying Rule 60 relief from judgment. As a result, the state argues, our scope of review should be limited to determining whether the district court abused its discretion in denying Rule 60 relief and therefore we cannot reach the underlying merits. *See Browder v. Di-*

*rector, Dep't. of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978).

■ Although it is true that Smith's notice of appeal does not refer to the district court's denial of habeas relief on the merits, we conclude that Smith has preserved his substantive right of appeal. On the same day he filed his notice of appeal, Smith also filed a *pro se* "Motion for Leave to Appeal *In Forma Pauperis.*" This document clearly signifies Smith's desire to appeal the merits of the district court's September 21, 1982, denial of habeas relief—specifically mentioning his claims of a coerced guilty plea and counsel's ineffective assistance. This document "clearly evinces an intent to appeal" the merits—it can reasonably be construed as the equivalent of a notice of appeal from the September 21, 1982, final judgment denying habeas relief. *See Stevens v. Heard,* 674 F.2d 320, 321–23 (5th Cir.1982). Thus, we reach the substance of Smith's claims concerning the voluntariness of his guilty plea and the assistance afforded him by counsel.

According to his brief filed in this appeal, Smith does not now ask this court to grant the writ; instead, he merely requests that we remand for an evidentiary hearing to develop more thoroughly the factual circumstances relating to his claims. We hold that the court below properly denied relief without conducting a hearing.

### Voluntariness of Guilty Plea

As to Smith's claim that his guilty plea was involuntarily made, it does not appear that a hearing has ever been held on this issue in either state or federal court. In Smith's first state habeas petition, the trial court conducted a "hearing by affidavit" but this hearing was only with respect to the claim of ineffective assistance of counsel. The trial court's order instructing that the hearing by affidavit be held specifically notes that a "hearing will be granted on the allegation of ineffective assistance of counsel." Furthermore, the court's written findings make no direct reference to the guilty plea claim. Finally, no hearing was ever held on Smith's second state habeas petition, which also alleged an involuntary plea.

■ We note that Smith has never received a hearing on his guilty plea claim merely to point out that no state findings exist with respect to this allegation that are due a presumption of correctness under 28 U.S.C. § 2254(d) and *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). Of course, the allegation was raised by Smith in both state habeas petitions, and because the state denied relief each time, it obviously and implicitly rejected the claim. The importance of the state courts' failure ever to hold a hearing, however, is that it distinguishes this case from the situation in *Marshall v. Lonberger,* —— U.S. ——, ——, 103 S.Ct. 843, 850–51, 74 L.Ed.2d 646 (1983), where the Supreme Court held that in ruling on § 2254 petitions for habeas relief, federal courts must give appropriate deference to implicit findings of a state habeas court on credibility decisions *when the state court conducts a hearing on the issue at hand* and the federal courts have not. Thus, we reemphasize that no state court findings exist here on the issue of the voluntariness of the guilty plea that are entitled to a presumption of correctness under § 2254(d).

■ Nonetheless, we conclude that Smith's claim that his guilty plea was involuntarily made is without merit. The record before us contains a transcript of the court proceedings at which Smith gave his pleas of guilty to the drug offenses for which he was indicted. After reading this transcript, we conclude that Smith's argument is a weak one at best, if not frivolous. The state trial judge repeatedly and thoroughly questioned Smith concerning his knowledge and understanding of the charges against him and the effects of a guilty plea, thus satisfying the mandate of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Among other things, the judge informed Smith that: (1) he was entitled to a jury trial; (2) he had the right to produce, examine, and cross-examine witnesses; (3) he had a right against self-

incrimination; (4) he did not have to plead guilty but could proceed to trial if he desired; and (5) the court was not bound by any sentence recommendation made by the prosecution pursuant to a plea bargain but could impose a more severe sentence. Smith indicated that he understood these matters. Smith was also informed of the maximum sentence he could receive. The three counts of the indictments were read aloud in open court. In response to questioning by both the court and the prosecution, Smith stated that he was waiving his rights, that his attorney had explained to him the charges for which he was indicted, and that he was pleading guilty because he was in fact guilty and not because he had been threatened or was in fear of anything, or for any other reason. Smith also responded that his guilty plea was free and voluntary. In short, the transcript of Smith's guilty plea hearing clearly demonstrates on its face that Smith's plea was voluntarily and knowingly made. *See Clayton v. Estelle,* 541 F.2d 486, 488 (5th Cir. 1976), *cert. denied,* 431 U.S. 918, 97 S.Ct. 2184, 53 L.Ed.2d 230 (1977) (this court rejected habeas petitioner's contention that district court was required to conduct an evidentiary hearing into voluntariness of his state court guilty pleas because transcript of plea hearing was clearly sufficient on its face to demonstrate that decision to plead guilty was voluntary, even though transcript contained some ambiguity).

Moreover, the affidavit of Smith's attorney filed with respect to the ineffective assistance of counsel claim provides independent support for the conclusion that Smith's guilty plea was voluntarily and knowingly made. Attorney Johnson averred that: (1) he fully discussed with Smith his right to trial by jury; (2) he explained the nature of the charges to Smith, and (3) Smith freely admitted in private his guilt of the offenses for which he was indicted. We conclude that Smith's guilty plea was voluntarily made and the district court did not err in refusing to conduct an evidentiary hearing on this claim.

### Ineffective Assistance of Counsel

Smith also maintains that the district court erred in failing to conduct an evidentiary hearing on his ineffective assistance of counsel allegation. This claim, unlike the previous one, is one upon which Smith received a hearing—by affidavit—in conjunction with his first state habeas petition. The state habeas court made written findings against Smith on this claim, clearly making credibility determinations in favor of attorney Johnson and adverse to Smith (based upon the affidavits submitted by each). The recommendation of this court was accepted by the Texas Court of Criminal Appeals in denying the writ. The district court below accorded these state findings a presumption of correctness under 28 U.S.C. § 2254(d).

Smith contends initially that he did not really receive a "hearing," as that term is used in § 2254, on his ineffectiveness of counsel claim because a "hearing by affidavit" is no hearing at all. In other words, Smith suggests that before a proceeding may constitute a hearing, the parties must be physically present and have the opportunity to present live testimony and be subject to cross-examination. We disagree. As we recently noted in *Camarillo v. Estelle,* 670 F.2d 473 (5th Cir.1981), the term "hearing" is not necessarily equal to the term "evidentiary hearing":

> [T]he United States Supreme Court adopted a narrower construction of the term "hearing" in *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981). The Court held that the only procedural requirements that must be satisfied for there to be a "hearing on the merits of a factual issue" are: (1) the habeas applicant and the state or its agent must be parties to the state proceeding, and (2) the state court determination must be evidenced by a written finding, written opinion, or other reliable and adequate written indicia.

*Id.* at 475. In the present case both enumerated requirements were met in Smith's first state habeas proceeding, and thus we must defer to the state court's findings unless the hearing was inadequate under

the circumstances or we determine the findings to be not fairly supported by the record. *Id.* at 474–76.

■ We conclude that the record adequately supports the state court's findings. Johnson's affidavit set forth in great detail the actions he undertook in his representation of Smith; for the most part, Johnson's averments were uncontradicted in their particulars by Smith's affidavit, which tended to make broad and general allegations. Johnson specifically averred that during the course of their many discussions over a several months-long period, Smith freely admitted his guilt and could not furnish the names of any potential witnesses that could testify in his behalf.

As to Smith's contention that he was coerced into pleading guilty upon the faulty advice of Johnson, Johnson's affidavit reflected otherwise. Johnson admitted that he refused to represent Smith in a "not guilty" proceeding—but Johnson specifically swore that this was only *after* Smith voluntarily admitted his guilt, and that he had never represented any client in a guilty plea context "unless the client had freely admitted his guilt to me prior to entering the guilty plea." The record also shows that Johnson repeatedly and actively negotiated with the prosecution for several months to obtain what, under the circumstances, was a lenient sentence recommendation from the prosecution—especially when compared to the sentence that Smith most likely would have received had he gone to trial. On the whole, we are convinced that Johnson adequately determined that the plea was entered voluntarily and knowingly; gave advice permitting Smith to make an informed and conscious choice; and provided his client with an understanding of the law in relation to the facts. *See Pollinzi v. Estelle,* 628 F.2d 417, 419 (5th Cir.1980). In short, Smith failed to show that the advice he received from Johnson during the course of the representation and concerning the guilty plea was not " 'within the range of competence demanded of attorneys in criminal cases.' " *Tollett v. Henderson,* 411 U.S. 258, 266, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973),

quoting *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970).

■ Finally, because (as we have already determined) Smith's guilty plea was voluntarily and knowingly made, he cannot now attack the ineffectiveness of his counsel in any respects other than as the alleged ineffectiveness bears upon counsel's faulty advice that coerced a guilty plea. In other words, once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived. *Barrientos v. United States,* 668 F.2d 838, 842 (5th Cir.1982). This includes all claims of ineffective assistance of counsel, *see McMillin v. Beto,* 447 F.2d 453, 454 (5th Cir.1971) and *Chambers v. Beto,* 428 F.2d 791, 792 (5th Cir.1970), *except* insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea, *see Bradbury v. Wainwright,* 658 F.2d 1083, 1087 (5th Cir.1981), *cert. denied,* 456 U.S. 992, 102 S.Ct. 2275, 73 L.Ed.2d 1288 (1982). Thus, because we have already held Smith's plea to be voluntary, it follows that his claims of ineffectiveness unrelated to the guilty plea are waived—*e.g.,* Johnson's alleged failure to review the prosecutor's file to verify laboratory test results that the substances Smith delivered were in fact heroin and cocaine; Johnson's alleged failure to investigate witnesses and the legality of Smith's arrest; or any other alleged failure of Johnson to find "holes" in the government's case against Smith.

AFFIRMED.