50 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Bruce THIERMAN, Jr. Plaintiff-Appellant,
v.
Michael McGEE, Superintendent, CRCI, Respondent-Appellee.
 No. 94-35367.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1995.*
Decided March 14, 1995.
 
 Before: HALL, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Bruce Thierman appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. We find no violation of the Constitution or laws or treaties of the United States and therefore affirm the district court's denial of habeas corpus relief.
 
 
 3
 Petitioner offers on appeal one substantive ground for habeas relief. He claims that his lawyer at trial prevented him from taking the stand in his own defense.[1] Petitioner argues that counsel's refusal to allow him to testify constituted ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 687 (1984). See, e.g., Nichols v. Butler, 953 F.2d 1550, 1552-53 (11th Cir.1992). This claim is entirely without merit.
 
 
 4
 Petitioner first raised this claim in state court on a motion for post-conviction relief. See Oregon Post-Conviction Hearing Act, Oreg.Rev.Stat. Secs. 138.510 et seq. As permitted by statute, the state court received affidavits and deposition testimony from the parties. Id. at Sec. 138.620. On the basis of this record and after holding two hearings, the state court denied the claim on the ground that Petitioner voluntarily had relinquished his right to testify at trial.[2]
 
 
 5
 Petitioner then turned to the federal district court for a writ of habeas corpus. The district court denied the application without holding a live evidentiary hearing or further supplementing the record. Instead, the district court relied on the presumption that the state court findings were correct. See 28 U.S.C. Sec. 2254(d) (according presumption of correctness to state court findings). On the basis of the state court record, the district court held that as a matter of law Petitioner received adequate assistance of counsel. [ER 10]. We agree with the district court that there is no basis for habeas corpus relief in this case.
 
 
 6
 The district court did not err by according a presumption of correctness to the state court findings.[3] All of the requirements of Sec. 2254(d) are satisfied. The crucial issue in this case was whether Petitioner voluntarily relinquished his right to testify at trial. The state findings fully resolved this factual dispute. Although the state court relied exclusively on documentary evidence, we find that the state court hearing was adequate to afford Petitioner a full and fair hearing of his claim. Accord, Armstead v. Scott, 37 F.3d 202, 207-08 (5th Cir.1994); Smith v. Estelle, 711 F.2d 677, 681-82 (5th Cir.1983), cert. denied, 466 U.S. 906 (1984).
 
 
 7
 We are not dissuaded by the fact that resolution of the key factual dispute in this case turned in large part on a credibility determination. Cf. Cabana v. Bullock, 474 U.S. 376, 388 n. 5 (1986) (noting that presumption of correctness may not apply if key credibility determinations are made on the basis of documentary evidence alone) (citing 28 U.S.C. Sec. 2254(d)(2)), overruled in part on other grounds, Pope v. Illinois, 481 U.S. 497, 503 n. 7 (1987). We conclude that this is one of those rare cases in which full and fair hearing requirement of Sec. 2254 was satisfied even though the state court resolved the key credibility issue without holding a live evidentiary hearing.
 
 
 8
 Although Petitioner claimed that he was never advised of his right to testify and that his attorney refused to allow him to take this stand, this story was flatly contradicted by three witnesses, all of whom testified that Petitioner was advised of his right to testify but voluntarily chose not to take the stand. [C.R. 17, Exh. 109 (Affidavit of Robert L. Wolf); C.R. 17, Exh. 113 (Affidavit of W. Theodore Guthrie); C.R. 17, Exh. 114 (Affidavit of Jennifer A. Burgraff) ]. According his own trial lawyer:
 
 
 9
 Subsequent to the trial, Mr. Thierman called me and asked me to sign an affidavit that I would not let him testify. In that conversation I told him that I would not sign that affidavit and that it simply was not true. Mr. Thierman said, "look, Rob, it won't hurt you at all and it will help me," and he said I was his friend and I should try to help him. (This is not a direct quote.) I informed Mr. Thierman that I was not acting as his good friend, I was acting as his attorney and I would not sign an phony affidavit.
 
 
 10
 [C.R. 17, Exh. 109 (Affidavit of Robert L. Wolf) ]. Under these circumstances, the state court hearing was entirely sufficient to accord Petitioner a full and fair hearing of his claim.
 
 
 11
 The state court found that Petitioner knew of his right to testify and voluntarily relinquished it. On these facts, we conclude that Petitioner received adequate assistance of counsel. AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The right to testify at trial on one own's behalf is an elemental right secured by the Sixth and Fourteenth Amendments. See, e.g., Rock v. Arkansas, 483 U.S. 44, 49-53 (1987)
 
 
 [2]
 Specifically, the state court made the following findings of fact:
 Despite the petitioner's allegations to the contrary, the evidence shows that trial counsel properly advised the petitioner of his right to testify. Counsel had good reason to recommend that the petitioner not testify. It further appears that petitioner accepted the advice of counsel as to whether to testify and, only after his conviction, decided that he wished he would have testified.... The evidence shows that he voluntarily waived his right to testify.
 Findings of Fact, Conclusions of Law, and Order, at 3. [C.R. 17, Exh. 116, at 3].
 
 
 [3]
 Nor did the district court err by refusing to hold a live evidentiary hearing. None of the circumstances the Supreme Court enumerated in Townsend v. Sain, 372 U.S. 293, 313 (1963), are present in this case