**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 98-50597
No. 98-50598
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SUSANNE MCDANIEL FUSCHINO, and
MICHAEL GROVER FUSCHINO,

Defendants-Appellants.

Appeals from the United States District Court
for the Western District of Texas

(W-96-CR-48-1 & W-96-CR-48-2)

May 31, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Susanne McDaniel Fuschino and Michael Grover Fuschino appeal the denial of their motions to vacate, set aside, or correct their sentences filed pursuant to 28 U.S.C. § 2255. The district court granted the Fuschinos a Certificate of Appealability ("COA") on two issues: (1) whether a defendant's right to effective assistance in a federal criminal proceeding arises when he is arrested or charged in state court; and (2) whether the district court should conduct an evidentiary hearing even

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

though the record reflects that the defendant received the complained of advice of counsel prior to his arrest and indictment on federal charges. The Fuschinos request that we grant a COA on additional issues, including whether they received ineffective assistance of counsel, whether a conflict of interest developed, and whether the district court should have held evidentiary hearings to evaluate the effect of both the conflict and the ineffective assistance.

We review all of the issues raised by the Fuschino's on appeal, including those issues not certified for appeal by the district court, because the Fuschinos have expressly requested that we evaluate those issues. *See United States v. Kimler*, 150 F.3d 429, 430 (5th Cir. 1998). We, however, will issue a COA only if the Fuschinos make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

The Fuschinos' claims regarding ineffective assistance of counsel prior to their indictment in federal court fail because they entered guilty pleas voluntarily. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . ."); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) ("[O]nce a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived"). The Fuschinos have not alleged that their pleas were involuntary, or that, but for their counsel's ineffectiveness, they would not have pled guilty. Accordingly, the Fuschinos' claims lack merit because they have not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Accordingly, we AFFIRM the district court's dismissal of the Fuschinos' § 2255 motions. The Fuschinos' request for a COA on those issues not certified for appeal by the district court is DENIED. The Government's motion to strike those issues not certified by the district court or, alternatively, for an enlargement of time to respond to those issues is DENIED as unnecessary.

REQUESTS FOR COA DENIED; JUDGMENT AFFIRMED.