IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10345
_____

OREN W. BROWN,

Petitioner-Appellee,

versus

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CV-1715
--------------------
February 13, 2002

Before EMILIO M. GARZA, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

The Respondent appeals the district court's judgment granting Oren W. Brown ("Brown"), Texas state prisoner # 620970, relief pursuant to 28 U.S.C. § 2254. The district court concluded that Brown's attorney was ineffective for failing to raise a due diligence defense at the hearing during which Brown's five-year deferred adjudication probation was revoked and a sixty-year term of imprisonment imposed.[1]

We review an ineffective assistance of counsel claim *de novo*. See *United States v. Flores-Ochoa*, 139 F.3d 1022, 1024 (5th Cir. 1998). To prevail on a claim of ineffective

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] It is well established that a probationer is entitled to counsel during such a proceeding. *See Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 258 (1967).

assistance of counsel, Brown must show: (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 689-94 (1984); *see also Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985).

In light of the case law which existed at the time of Brown's probation revocation hearing and the circumstances surrounding his case, it was unreasonable for Brown's attorney to not raise the due diligence defense. *See Stover v. State*, 365 S.W.2d 808 (Tex. 1963); *Langston v. State*, 800 S.W.2d 553 (Tex. 1991). Brown has demonstrated that there is a reasonable probability that if he had been informed of the due diligence defense he would not have pleaded true to the probation violation. Brown's attorney's ineffectiveness affected the plea process and the outcome of the probation revocation hearing. *See Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). After reviewing the record and briefs submitted by both parties, we conclude that Brown's attorney rendered constitutionally ineffective assistance essentially for the reasons set forth in the magistrate judge's thoughtful and well-reasoned recommendation filed on December 8, 2000.

AFFIRMED.