**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 17 2002**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CLYDE M. JOHNSON,

        Petitioner - Appellant,

    v.

GENE ATHERTON and KEN
SALAZAR,

        Respondents - Appellees.

No. 01-1007

---

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 98-Z-267)**

---

Howard A. Pincus, Assistant Federal Public Defender (Michael G. Katz, Federal Public Defender) Denver, Colorado, for Appellant.

Laurie A. Booras, First Assistant Attorney General (Ken Salazar, Attorney General, State of Colorado) Denver, Colorado, for Appellees.

---

Before **EBEL, GIBSON**,* and **PORFILIO**, Circuit Judges.

---

**GIBSON**, Circuit Judge.

---

    * The Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

Clyde Johnson appeals the district court's denial of his petition for a writ of habeas corpus. See 28 U.S.C. § 2254 (1994 & Supp. V 1999). He challenges a guilty plea he entered, on the ground that he was denied effective assistance of counsel in refusing an earlier plea offer. We affirm.

In 1987, Clyde Johnson led police officers on a high-speed chase resulting in the death of two people. Johnson was subsequently charged in state court with two counts of vehicular homicide, two counts of vehicular eluding resulting in death, and one count of first degree assault on a peace officer. On June 29, 1988, Johnson's attorney wrote him a letter indicating that the prosecution had offered a plea bargain whereby Johnson would accept responsibility for one Class 3 felony in exchange for a maximum sentence of thirty-two years. The attorney advised Johnson not to accept the plea bargain, apparently believing a more favorable deal might be forthcoming. The better deal never came, and on October 17, 1988, Johnson pled guilty to two Class 3 felonies and was later sentenced to forty years in prison.

Johnson's direct appeal of his sentence was denied by the Colorado Court of Appeals, and the Colorado Supreme Court denied review. He then filed a motion for post-conviction relief, arguing, among other things, that his counsel's recommendation that he not accept the first plea offer constituted ineffective assistance in violation of the Sixth Amendment. Under Strickland v. Washington, for a claim of ineffective assistance to be successful a showing must be made both

"that counsel's representation fell below an objective standard of reasonableness," and that the defendant was prejudiced thereby. 466 U.S. 668, 687-88, 692 (1984). The state trial court denied the motion, concluding that Johnson could not satisfy the prejudice requirement of Strickland because the evidence was so overwhelming that Johnson would have been convicted regardless of what his counsel did, and that his plea was knowing and voluntary. The Colorado Court of Appeals affirmed, relying on the fact that Johnson's ultimate plea was knowing and voluntary and thus what happened before he accepted that plea was legally irrelevant. People v. Johnson, No. 95CA1277, slip op. at 3 (Colo. Ct. App. Feb. 27, 1997) (citing People v. Isham, 923 P.2d 190, 195 (Colo. Ct. App. 1995) ("[A] defendant has no right to raise a constitutional claim after a guilty plea when that claim does not relate directly to the adequacy of the plea[.]")). The Colorado Supreme Court denied certiorari and Johnson filed a petition for a writ of habeas corpus in the United States District Court for the District of Colorado. A magistrate judge recommended the writ be denied and the district court adopted the recommendation. This appeal followed. We must affirm unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); see Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001) (setting out standard of review).

I.

The Supreme Court has determined that "a guilty plea, intelligently and voluntarily made, bars the later assertion of constitutional challenges to the pretrial proceedings." Lefkowitz v. Newsome, 420 U.S. 283, 288 (1975). This bar has been applied to claims of ineffective assistance of counsel not implicating the voluntariness of the plea. Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983) ("Smith's guilty plea was voluntarily and knowingly made, [thus] he cannot now attack the ineffectiveness of his counsel in any respects other than as the alleged ineffectiveness bears upon counsel's faulty advice that coerced a guilty plea."). Of course, when the alleged ineffective assistance of counsel claim does implicate the voluntariness of the plea entered into, there is a legitimate claim. See Hill v. Lockhart, 474 U.S. 52, 56-57 (1985). Johnson, however, does not challenge the voluntariness of his plea.[1]

We do not decide whether the Lefkowitz bar applies to claims involving ineffective assistance of counsel preceding a guilty plea. We need only determine whether the state court's adjudication of this claim was objectively unreasonable. The Colorado Court of Appeals held that relief was foreclosed here because Johnson

_____

[1] Johnson cites a number of decisions for the proposition that circuit courts have routinely applied Hill and Strickland to cases involving rejection of a plea offer. However, those cases all involve challenges following a trial. Because the cases cited by Johnson are materially distinguishable, we are unpersuaded that they render unreasonable the state court's decision here.

intelligently and voluntarily entered into the plea he now challenges. <u>Johnson</u>, slip op. at 3. This decision was not contrary to "clearly established Federal law, as determined by the Supreme Court of the United States," nor did it involve an unreasonable application thereof. 28 U.S.C. § 2254(d)(1).

II.

Accordingly, we affirm the district court's denial of the writ.