IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21309
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER EARNEST WHITE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-24-ALL
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Christopher Earnest White appeals from his conviction of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). White first contends that the district court violated FED. R. CRIM. P. 11 by failing to question him correctly about whether he previously had been convicted of a drug offense in state court. According to White, the district court did not read the indictment to him; there was no plea agreement in his case; and the recitation of the factual basis

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for the plea did not suffice to ascertain that White understood the jurisdictionally relevant fact of the prior conviction.

The record of the rearraignment hearing indicated that White was properly admonished regarding the fact of his prior conviction. White has failed to show error, plain or otherwise, regarding whether the district court properly discussed the prior conviction with him. *See United States v. Vonn*, 122 S. Ct. 1043, 1046 (2002)(plain error review).

White next contends that the district court erred by denying his motion to dismiss the indictment based on lack of proof of an interstate commerce nexus and the alleged unconstitutionality of 18 U.S.C. § 922(g)(1) as applied to him. He also argues that the evidence was insufficient regarding the interstate commerce element.

First, the constitutionality of 18 U.S.C. § 922(g)(1) is not open to question regarding the jurisdictional interstate commerce element. *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001), *cert. denied*, 122 S. Ct. 1113 (2002). Second, White waived his challenge to the sufficiency of the evidence by pleading guilty. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). To the extent that White's sufficiency challenge may be construed as a challenge to the factual basis for his plea, the factual basis for White's plea indicated that the firearm at issue in his case was manufactured in California and that it was taken from White's car in Houston. White agreed with the factual

basis.  There was a sufficient factual basis to support the interstate commerce element.  *See Daugherty*, 264 F.3d at 514, 518 (firearm manufactured in Egypt and imported through Tennessee).

AFFIRMED.