# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 9, 2009

Charles R. Fulbruge III
Clerk

No. 07-40947
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ELSWORTH M BERTHELOT

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:06-CV-216
USDC No. 9:03-CR-46

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Elsworth M. Berthelot, federal prisoner # 10847-078, appeals the denial of his 28 U.S.C. § 2255 motion challenging his felon-in-possession-of-a-firearm conviction. The district court granted Berthelot a certificate of appealability on the following issues: (1) whether the protective sweep of Berthelot's house was constitutional; (2) whether trial counsel was ineffective in failing to challenge the legality of the protective sweep at Berthelot's suppression hearing; and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(3) whether trial counsel was ineffective for failing to offer the offense report at the suppression hearing and argue, based upon the information therein, that the search of Berthelot's house was unlawful. On review of a district court's denial of § 2255 relief, we review factual findings for clear error and legal conclusions de novo. *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008).

Although a guilty plea ordinarily waives all nonjurisdictional defects, including ineffective assistance claims, Berthelot may raise an ineffective assistance claim to the extent that it affected the voluntariness of his plea. *See Cavitt,* 550 F.3d at 441; *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). To establish ineffective assistance, Berthelot must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Our analysis of counsel's purported ineffectiveness necessarily entails an analysis of the underlying suppression claims. *See Cavitt*, 550 F.3d at 435.

Berthelot's contention that the protective sweep of his home was per se unconstitutional because he was arrested outside the home is meritless. *See United States v. Watson*, 273 F.3d 599, 603 (5th Cir. 2001). The circumstances surrounding the officers' arrival at Berthelot's home--Berthelot's criminal history, his history of weapons possession, the time it took him to answer the door, and the presence of another individual in his home--were articulable facts which, taken together with rational inferences drawn therefrom, warranted sweeping the home to ensure the officers' safety. *See Maryland v. Buie*, 494 U.S. 325, 327 (1990); *United States v. Maldonado*, 472 F.3d 388, 393 (5th Cir. 2006). Moreover, Berthelot can establish no prejudice as a result of counsel's failure to raise this Fourth Amendment challenge given that the discovery of the firearms forming the  basis of his conviction were not found pursuant to the protective sweep but, instead, pursuant to a consensual search. Consequently, he has not shown that it is reasonably probable that but for counsel's alleged error, the

result of his suppression hearing would have been different, *see Bryant v. Scott*, 28 F.3d 1411, 1415 (5th Cir. 1994), and he is entitled to no relief on this claim.

Berthelot's argument that counsel performed deficiently for failing to adduce the offense report to challenge the legality of the search is similarly unavailing. The evidence overwhelmingly supports a determination that the officers did not commence their search of the residence until Berthelot's wife arrived on the scene and executed a consent form. To the extent that the offense report represented that the officers did not arrive at Berthelot's home until after the property was searched and the firearms discovered, it merely contained a typographical error. Berthelot has not demonstrated that any alleged discrepancies in the offense report provided a legitimate basis for counsel to challenge the legality of the search. "An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

AFFIRMED.