# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 2, 2011

Lyle W. Cayce
Clerk

No. 10-20316
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT C. FLOWERS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-455-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Robert C. Flowers pleaded guilty to five counts of access device fraud and to one count of aggravated identity theft. As part of the plea agreement, Flowers reserved his right to appeal the district court's denial of his motion to suppress evidence seized during a warrantless search of his home and statements made to law enforcement. Flowers challenges (1) officers' protective sweep of his house after they executed his arrest warrant, (2) the warrantless, consensual search

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of his house and computer thereafter, and (3) the voluntariness of statements that he made to law enforcement.

The district court did not clearly err in concluding that the officers conducted a lawful protective sweep incident to Flowers's arrest. *See Maryland v. Buie*, 494 U.S. 325, 331 (1990). After an officer knocked on Flowers's front door, he took approximately 14 minutes to answer his door, and prior to answering, he attempted to escape through an upstairs window and then through his back door. A motorcycle, which officers determined was stolen, was in the backyard and two cars were parked in Flowers's driveway. In order to process the stolen motorcycle, officers were required to remain on the scene in an unprotected area in the front and back of Flowers's house. Finally, there was some confusion over whether officers had Flowers, and not someone else, in custody. The situation presented the circumstances necessary to justify a protective sweep. *See id.* at 334; *see also United States v. Maldonado*, 472 F.3d 388, 395 (5th Cir. 2006 (determining that a protective sweep was justified based, inter alia, on the fact that agents were exposed in a open area surrounding a trailer although agents had no certain knowledge that other individuals were in the trailer); *United States v. Berthelot*, 326 F. App'x 795, 797 (5th Cir. 2009) (determining that a protective sweep was justified due to, inter alia, "the time it took [defendant] to answer the door"). Additionally, the protective sweep of the two-story house and garage lasted no longer than five minutes, the officers limited their search to rooms, to closets, under beds, and to the garage, and no evidence was seized. Viewed in the light most favorable to the Government, none of the district court's factual findings were clearly erroneous. *United States v. Santiago*, 410 F.3d 193, 197 (5th Cir. 2005).

Likewise, the district court did not clearly err in determining that Flowers voluntarily consented to the search of his home and computer. In evaluating the voluntariness of Flowers's consent, this court considers six factors:

(1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with the police; (4) the defendant's awareness of his right to refuse to consent; (5) the defendant's education and intelligence; and (6) the defendant's belief that no incriminating evidence will be found.

*See Solis*, 299 F.3d at 436 & n.21 (internal quotation marks and citation omitted).  No single factor is dispositive.  *Id*. at 436.

Although Flowers was in custody at the time of his consent, and he likely knew that officers would locate incriminating evidence, the record reflects that the remaining factors support the district court's finding that Flowers's consent was voluntary.  Specifically, he cooperated with law enforcement, coercive police tactics were absent, and no officer brandished his gun.  Moreover, Flowers signed the consent form, acknowledging that he knew that he had the right to refuse to consent to the search.  Finally, the record indicates that Flowers was educated and intelligent, spoke English fluently, and had had prior experience with law enforcement.  Based on the totality of the circumstances, the district court did not err by denying the motion to suppress on this basis.  *See Gomez-Moreno,* 479 F.3d at 354, 357.

Finally, the district court did not clearly err in determining that Flowers voluntarily waived his *Miranda*[1] rights because there is no evidence of either direct coercion or subtle psychological persuasion vitiating his waiver.  *See United States v. Restrepo*, 994 F.2d 173, 183 (5th Cir. 1993).

AFFIRMED.

---

[1] *Miranda v. Arizona*, [384 U.S. 436 ](1966).