[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11050
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-02848-TWT

MICHAEL L. BULLARD,

Petitioner - Appellant,

versus

WARDEN, JENKINS CORRECTIONAL CENTER,
COMMISSIONER OF THE GEORGIA DEPARTMENT OF CORRECTIONS,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 27, 2015)

Before MARTIN, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Bullard, a Georgia prisoner proceeding *pro se*, appeals the district court's denial of his habeas corpus petition under 28 U.S.C. § 2254, which challenged his convictions for incest, sexual exploitation of a minor, and possession of cocaine. After reviewing the record and the parties' briefs, we affirm.

## I

In September of 2009, Mr. Bullard pled guilty to incest, sexual exploitation of a minor, and possession of cocaine. The trial court sentenced Mr. Bullard to a 20-year "split" sentence, requiring him to serve eight years in prison and the remainder on probation. A few weeks after sentencing, Mr. Bullard obtained new counsel and moved to withdraw his guilty plea. He raised several claims, namely that his original counsel, Mr. Neil Smith and Ms. Renee Boston, provided ineffective assistance by failing to file a motion to suppress the evidence obtained from his home. Specifically, he alleged that the search warrant was defective because it did not particularize the items to be seized and merely referenced an "Exhibit C," which supposedly contained the description of the items. He argued that the government never attached Exhibit C to the proposed warrant prior to obtaining the magistrate's signature, thereby rendering it defective.

The trial court held an evidentiary hearing on the ineffective assistance claim. At the hearing, both of his original counsel admitted that the warrant did

not list the items to be seized but referenced an "Exhibit C," which was not included in the discovery packet that they received from the state. They testified that another exhibit, "Exhibit B," listed some of the evidence sought by the state but was not expressly incorporated by reference in the warrant. They also acknowledged that, had they realized that Exhibit C was missing from the discovery packet, they would have filed a motion to suppress at least some of the evidence obtained during the search of Mr. Bullard's home. Both attorneys further testified, however, that because Mr. Bullard had submitted letters to the court and the district attorney confessing in detail that he had engaged in a sexual relationship with his seventeen-year old stepdaughter, they believed that it was best for him to plead guilty. As a basis for upholding the guilty plea, the state introduced those letters into evidence.

Based on his admissions of guilt and other factors, the trial court denied Mr. Bullard's motion to withdraw the guilty plea. Mr. Bullard appealed the denial of his motion, but the Georgia Court of Appeals affirmed. The Court of Appeals ruled that Mr. Bullard did not present any evidence that the warrant was defective at the time the magistrate signed it, and he, therefore, failed to make a strong showing that a motion to suppress would have been granted. Mr. Bullard then filed a state habeas petition, which the trial court denied after conducting an

evidentiary hearing.  The Georgia Supreme Court denied Mr. Bullard a certificate of probable cause to appeal.

Mr. Bullard timely filed his first federal habeas petition under 28 U.S.C. § 2254.  In it, he raised several claims, all of which the district court denied.  We granted a certificate of appealability on one issue: Whether Mr. Bullard's counsel were ineffective for failing to file a motion to suppress a "defective" warrant.

### III

The Anti-Terrorism and Effective Death Penalty Act of 1996 precludes federal courts from granting habeas relief with respect to any claim adjudicated on the merits in a state court proceeding unless the state court's decision

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is contrary to clearly established federal law if it applies a rule "that contradicts the governing law set forth by Supreme Court case law" or reaches "a different result from the Supreme Court 'when faced with materially indistinguishable facts.'"  *Ward v. Hall*, 592 F.3d, 1144, 1156 (11th Cir. 2010).  "A state court decision is an unreasonable application of clearly established

law if the state court unreasonably extends or fails to extend a clearly established legal principle to a new context." *Id.*

Our evaluation of state-court rulings is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). We "must determine what arguments or theories supported or . . . , could have supported, the state court's decision; and . . . ask whether it is possible [that] fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme Court]." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

## IV

To obtain habeas relief, Mr. Bullard must demonstrate that his counsel's performance was deficient and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). If Mr. Bullard makes an insufficient showing on one component, we need not address the other. *Id.* at 697. Having conducted a thorough review of the record, we agree with the district court that Mr. Bullard is not entitled to relief.

First, a "defendant's plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all *nonjurisdictional* defects in that defendant's court proceedings." *United States v. Yunis*, 723 F.2d 795, 796 (11th

Cir. 1984). This includes any claim of ineffective assistance of counsel unless the deficient performance relates to the voluntariness of the plea itself. *See, e.g., McMillin v. Beto*, 447 F.2d 453, 454 (5th Cir. 1971); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Here Mr. Bullard does not contend that his plea was involuntary due to his counsel's failure to file a motion to suppress, so the ineffectiveness claim is waived by the plea.

Second, even if we were to reach the merits of the ineffectiveness claim, there is no indication in the record that Exhibit C did not accompany the proposed warrant at the time the magistrate signed it or the police searched his home. "In fact, [Mr. Bullard] did not offer any testimony or documentary evidence regarding the original warrant or its contents," *Bullard,* 706 S.E. 2d at 155, but merely presented proof that the state failed to turn over Exhibit C during discovery. The Georgia Court of Appeals reasonably found that Mr. Bullard did not make a strong showing that the evidence from his home would have been excluded had his counsel filed the motion to suppress.

Third, the record makes clear that, even without the evidence found at his home, Mr. Bullard had great reason and incentive to plead guilty. Prior to entering his plea, Mr. Bullard wrote several letters to the trial court and to the district attorney admitting that he had engaged in a sexual relationship with his seventeen-year-old stepdaughter. Mr. Bullard was charged with a total of fifteen sex and

drug offenses.  Given his admissions, he was at risk of receiving a more severe sentence had he chosen to go trial.  On this record, we cannot say that there was a reasonable probability that Mr. Bullard would have gone to trial had the evidence been suppressed.  *See Harrington*, 562 U.S. at 112 ("The likelihood of a different result must be substantial, not just conceivable.").

## V

In sum, we conclude that Mr. Bullard has not overcome the burden imposed by § 2254(d).  Thus, we affirm the district court's denial of Mr. Bullard's habeas petition.

**AFFIRMED.**