# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60597
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 6, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERIN WOODS, also known as Erin Graham,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:17-CR-118-2

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Erin Woods appeals her conviction and sentence for being an unlawful user of a controlled substance in possession of a firearm. She contends that (1) she is actually innocent of the crime for which she was sentenced, (2) her guilty plea was not knowing or voluntary, and (3) the factual basis of her plea was insufficient in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). She also raises challenges to the calculation of her sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60597

Because Woods failed to challenge her conviction in the district court, her arguments are subject to plain error review. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To prove plain error, Woods must show a forfeited error that is clear or obvious and that affects her substantial rights. *See id.* If she makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Any suggestion that the indictment was defective because it failed to charge the offense for which she was sentenced was waived by Woods's guilty plea. *See Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Woods's contentions that the statute of conviction is ambiguous and that the rule of lenity should apply in this case is unavailing. The term "unlawful user" of a controlled substance is susceptible of interpretation through the traditional canons of statutory construction and, therefore, not grievously ambiguous. *See United States v. Castleman*, 572 U.S. 157 (2014). This court has defined "unlawful user" as a person whose drug usage occurred "with regularity and over an extended period time." *United States v. McCowan*, 469 F.3d 386, 392 (5th Cir. 2006) (internal quotation marks and citation omitted); *United States v. Herrera*, 313 F.3d 882, 884-85 (5th Cir. 2002) (en banc). As such, Woods's due process rights were not implicated by any ambiguity in the statute. *See United States v. Rivera*, 265 F.3d 310, 312 (5th Cir. 2001).

Woods's claims of *Rehaif* error during her Federal Rule of Criminal Procedure 11 plea colloquy and with respect to the sufficiency of the factual basis to which she agreed both fail because the record provides ample support for the inference that, at the time she possessed the firearms, Woods knew that she used controlled substances regularly and over an extended period of time.

*See United States v. Hicks*, 958 F.3d 399, 401-02 (5th Cir. 2020); *Herrera*, 313 F.3d at 884-85. The inference of Woods's knowledge of her use of controlled substances regularly and over an extended period of time is compelling even in light of the evidence of Woods's history of mental illness. Given the favorable nature of her plea agreement and the ample support in the record of Woods's knowledge of her status as an unlawful user of a controlled substance, any error in not advising her of the knowledge of status element of the offense did not affect her substantial rights. *See Hicks*, 958 F.3d at 402. Moreover, because the record supports the inference that Woods knew that she was an unlawful user of a controlled substance, any error would not affect the fairness, integrity, or public reputation of judicial proceedings. *See id.*

In attacking the sufficiency of the factual basis, Woods also contends that her counsel was ineffective for failing to correctly advise her regarding the definition of "unlawful user." This court generally does not consider claims of ineffective assistance of counsel on direct appeal "unless they were previously presented to the trial court." *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). Because Woods's ineffective assistance of counsel claim was not sufficiently developed in the district court, and this is not one of the rare cases in which the record provides enough detail to allow this court to determine the merits of her claim, we decline to consider her claim without prejudice to her right to raise the issue in a 28 U.S.C. § 2255 motion. *See id.*

As part of her plea agreement, Woods waived her right to appeal her conviction and sentence on both direct appeal and collateral review, except for her right to bring a claim of ineffective assistance of counsel. The record reflects that Woods's waiver of appeal was knowing and voluntary. *See United States v. Palmer*, 456 F.3d 484, 488 (5th Cir. 2006). Her challenges to the calculation of her sentence are therefore barred by her appeal waiver.

No. 19-60597

The judgment of the district court is AFFIRMED.