# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2020

Lyle W. Cayce
Clerk

No. 20-40390
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Lupe Corrall,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:19-CR-186-2

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jose Lupe Corrall appeals his conviction of conspiracy to possess with intent to manufacture and distribute more than 50 grams of actual methamphetamine. Relying on *McFadden v. United States*, 576 U.S. 186, 194 (2015), he argues that the factual basis is insufficient to support his guilty plea

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40390

because there is no indication that he knew the type of controlled substance involved in the offense and no evidence suggesting that he participated in manufacturing methamphetamine.  He also argues that the indictment is defective because it does not protect him from future prosecution for the same conduct at issue here.

Because Corrall did not object to the sufficiency of the factual basis underlying his guilty plea in the district court, we review for plain error.  *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010).  To show plain error, Corrall must show a forfeited error that is clear or obvious and affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If Corrall shows such an error, we may correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

The factual basis, as affirmed by Corrall, established every element of the underlying conspiracy.  *See United States v. Ochoa*, 667 F.3d 643, 648 (5th Cir. 2012).  This court has long held that knowledge of the type and quantity of a controlled substance is not an element of a 21 U.S.C. § 841(a)(1) offense.  *United States v. Gamez-Gonzalez*, 319 F.3d 695, 699–700 (5th Cir. 2003).  It is not clear or obvious that *McFadden*'s holding extends beyond the Controlled Substance Analogue Enforcement Act or that it changes this court's precedent in non-analogue cases.  *See McFadden*, 579 U.S. at 188–89.  Given Corrall's admissions at rearraignment, he has not shown that the district court plainly erred in determining that there was a sufficient factual basis underlying the conspiracy offense.  *See Puckett*, 556 U.S. at 135.

Regarding Corrall's second issue on appeal, generally, an unconditional guilty plea like Corrall's waives all non-jurisdictional defects in the trial court proceedings that occurred before the entry of the plea and are unrelated to the plea's voluntariness.  *Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).  Corrall's

No. 20-40390

challenge to the indictment's sufficiency is not jurisdictional and does not implicate any of the exceptions to the general waiver rule. Therefore, Corrall's unconditional guilty plea waived this challenge.[1] *See Smith*, 711 F.2d at 682.

AFFIRMED.

---

[1] The government contends that the appeal waiver in Corrall's plea agreement precludes his challenge to the indictment's sufficiency. Because we conclude that Corrall's unconditional guilty plea waived this challenge, however, we need not address the applicability of the appeal waiver.