# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2023

Lyle W. Cayce
Clerk

No. 22-40086
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Jesus Martinez-Villela,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:21-CR-951-1

_____

Before King, Higginson, and Willett, *Circuit Judges*.
Per Curiam:[*]

A grand jury charged defendant-appellant Jesus Martinez-Villela with eighteen counts of various alien smuggling crimes. Martinez-Villela filed a motion to dismiss his indictment, arguing that the Government denied his right to due process under the Fifth Amendment and his right to compulsory process under the Sixth Amendment when it deported two witnesses who

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

could have provided material and favorable testimony to his case. The district court denied the motion without prejudice, and Martinez-Villela ultimately pleaded guilty to all eighteen counts, without a plea agreement. He was sentenced to 120 months of imprisonment and five years of supervised release.

On appeal, Martinez-Villela argues that the district court erred in denying his motion to dismiss the indictment because the Government violated his constitutional rights when it deported witnesses who had material and favorable testimony. Generally, an unconditional guilty plea like Martinez-Villela's waives all nonjurisdictional defects in the trial court proceedings that occurred before the entry of the plea and are unrelated to the voluntariness of the plea in the trial court proceedings. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Exceptions to the general rule include challenges to the constitutionality of the statute of conviction, *see Class v. United States*, 138 S. Ct. 798, 803, 805 (2018), claims of ineffective assistance of counsel that implicate the voluntariness of the plea, *see Smith*, 711 F.2d at 682, and instances where intervening decisions modify the substantive criminal law defining the offense, *see United States v. Andrade*, 83 F.3d 729, 731 (5th Cir. 1996).

Here, the record shows that Martinez-Villela made his unconditional guilty plea knowingly and voluntarily. Although he avers in his reply brief that the district court plainly erred in not expressly admonishing him that he was waiving his right to appeal nonjurisdictional pretrial issues, the court was not required to do so. *See United States v. Lampazianie*, 251 F.3d 519, 526 (5th Cir. 2001); *United States v. Coil*, 442 F.3d 912, 914-15 (5th Cir. 2006) ("A district court need not inform defendant that his guilty plea operates as a waiver of the right to appeal non-jurisdictional pretrial rulings." (citation omitted)). His challenge to the district court's denial of his motion to dismiss

No. 22-40086

the indictment is not jurisdictional and does not implicate any of the exceptions to the waiver carved out by the Supreme Court and this circuit. His claim was therefore waived by his unconditional guilty plea.

AFFIRMED.